WILLIAM A. POPE AND ANOTHER, v. THOMAS J. HAYS AND
                        ANOTHER.

An obligation by one partner to hold the other harmless, or to indemnify him
   against the liabilities of the firm, is broken by the recovery of judgment
   against the obligee, on any of the liabilities of the firm, where the judgment
   has not been paid by the obligor.
That the note sued on was executed by the defendants to A, upon the dissolu-
   tion of a partnership between A and B, one of the defendants, in considera-
   tion of the undertaking of A to hold B harmless against liability for the debts
   of the firm of A & B ; that A failed to hold B harmless against said liability,
   and that a large number of judgments have been recovered against A & B on
   several of the debts of said firm, and remain unpaid ; that the note was as-
   signed to the plaintiffs by A, as collateral security for the payment of other
   notes due them from the firm of A & B, on which suits were then pending in
   same Court by plaintiffs against A & B, and for no other consideration ; and
   that plaintiffs had notice of the consideration of the note sued on, and of the
   failure thereof ; Held to be a good plea of failure of consideration, on general
   demurrer.

Error from Cherokee.    Tried below before the Hon. John
H. Reagan.

Suit by defendants in error against plaintiffs in error, on a
note signed by the defendants payable to Allen A. Cameron,
or bearer, and assigned to plaintiffs.    Answer as stated in the
Opinion, with this addition, that it was alleged that the note
sued on was assigned by Cameron to the plaintiffs, as collateral
security for the payment of other notes of Pope & Cameron,
due plaintiffs, which were then in suit in same Court, and for
no other consideration ; and that plaintiffs had notice of the
failure of the consideration, as alleged.

A general demurrer to the answer was sustained, and plain-
tiffs had judgment.

*Donley & Anderson*, for plaintiffs in error, cited Fish v.
Dana, 10 Mass. 46 ; Chace v. Hinman, 8 Wend. 452.

*Shanks & Bonner*, for defendants in error, argued that the answer did not show that defendant Pope was damaged by the failure of Cameron to pay the debts of Pope & Cameron; that they hold Cameron's covenant to hold Pope harmless, and do not allege that Cameron is insolvent; and that therefore the exception was properly sustained.

HEMPHILL, CH. J.  The only important question in the case is, whether there was error in sustaining the exceptions to the pleas of defendants, among which was one that set up failure of consideration in the note sued upon.  This was set up in the original and the two amended answers, and in such a mass of pleading it is somewhat difficult to ascertain with precision and certainty, what are the facts upon which the pleader relies—what he really intends to be the sum and substance of his defence.  The defendants in their original answer, aver that the note sued on was executed by the defendants to Allen A. Cameron, upon the dissolution of the firm of Cameron & Pope, in consideration that the said Cameron had covenanted and agreed with the defendants to absolve, and forever release and hold harmless the said Pope, one of the defendants in this suit, from any liability or obligation to pay any of the debts or demands against the said firm of Cameron & Pope, by any and all creditors whatever, &c.  The defendants further aver, that the plaintiff, at the time of receiving the note, had full and positive notice of the consideration of the same; and also averred that the consideration had failed in this, that the said Cameron has failed to pay all the debts of Cameron & Pope, and has failed to hold the defendant Pope harmless from his liability for the debts of the said firm.  The first amendment, after averring the failure of the consideration of the note sued on, charges that Pope had been sued upon many of the notes made by the firm of Cameron & Pope; and the second amendment, after a restatement of the consideration of the note, viz: that Cameron should pay all the debts for which the firm of

Pope v. Hays.

Cameron & Pope were liable, including debts which were due to the plaintiffs, charges that Cameron has failed to pay these ; that a large number of judgments have been rendered against said Cameron & Pope, from which said Cameron bound himself to save the said Pope harmless ; and that all of said judgments and debts are unpaid and yet in force against the said Cameron & Pope.

It will be perceived, on a close scrutiny, that the consideration of the note is not, in the amendment, stated in the precise terms of the original answer. In the original answer the consideration is alleged to be that Cameron should save, absolve, release and hold, Pope harmless from any liability or obligation to pay the debts, &c. And the breach is, that he has failed to hold Pope harmless from his liability for the debts of the firm, &c. In the amendments the consideration is averred in substance to be, that Cameron should pay the debts, and that it has failed by his non-payment. But it would be a severe construction, to hold that this was intended to be a departure from the original allegation. The object of the amendment seems to have been to allege in the first, that Cameron & Pope had been sued, and in the second, that judgment had been recovered on the debts. The averment in the whole of the pleading, in relation to consideration of the note sued on, is, substantially, that Cameron covenanted to hold Pope harmless from liability or obligation to pay the debts or demands against the said firm of Cameron & Pope ; and the question is, whether the recovery of judgment on these debts, or any of them, was a breach of the covenant, and this, it is believed, must, upon the authorities, be answered in the affirmative.

In Fish v. Dana, 10 Mass. 46, the plaintiff was to be indemnified by defendant against a mortgage and certain notes, &c. Judgment was recovered against plaintiff on one of the notes, and he having sued defendant on the bond of indemnity, it was held that the defendant was to take his own time to discharge the mortgage and pay the notes. But he was, in all events, to

indemnify the plaintiff; and having failed to do so, the plaintiff was entitled to judgment. The mere fact that judgment had been recovered, and that payment of the judgment might be enforced, was regarded as a breach of the bond of indemnity.

The question of what should be regarded as breaches of bonds of indemnity, was fully considered in the cases of Rockfeller v. Donnelly, 8 Cowen, 628, and in Chaco v. Hinman, 8 Wendell, 452. In the former case the Chancellor expressed his view of the rule in such cases, as follows, viz : That when the obligation is to indemnify against damages or expenses, and the obligee has become absolutely bound and liable to pay the damage incurred by the charge, and his demand against his obligor upon the bond of indemnity, by reason of the charge against himself, is reduced to a certainty, it would surely be just and reasonable, and would violate no principle of law, to permit him to enforce his own demand against the obligor in the first instance, and before he satisfies the charge against himself. It is an operation which avoids circuity, and essentially subserves the purposes of justice and equity, by enabling him who is entitled to the indemnity to obtain the means to satisfy the charge he has incurred, from the party who ought to bear it, and thereby save himself the necessity of an advance and payment out of his own funds and estate, which might be inconvenient, and perhaps involve him in serious embarrassments. That this proposition is equitable and just—that it would save the party exposed to injury, and could do no wrong to the one in default, must strike the mind of every one with a force that cannot be resisted. It harmonizes also with the jurisprudence and procedure in this State, which avoids circuity in principle and in proceedings, and which, by a species of preventive justice, shields the innocent against losses which must, in all probability, accrue, and will not delay until the wrong is done, and then deal out a scanty relief by way of compensation ; thus a purchaser, under a deed with warranty,

Pope v. Hays.

who has not paid the purchase money, will not be held in suspense until eviction, and turned over to his covenants against a warrantor, perhaps insolvent, but will immediately, on discovery that the title is worthless, be relieved from further payment of the purchase money.

But the doctrine, as expressed by Chancellor Jones in the above case, seems not to have full sanction in the subsequent case of Chace v. Hinman, 8 Wendell 452 ; but it was admitted that it would be sound where the indemnity was not only against actual damages, but also against the liability for them ; that in the latter case, the party need not wait until he has actually paid such damages, but his right of action becomes complete when he is legally liable for them.

The charge in the plea in the case before us is, that Cameron covenanted to hold Pope harmless from liability to pay the debts. But judgments have been recovered against Pope on these debts ; he has, therefore, become legally liable to pay them, and on the principles maintained in the cases cited, there has been a breach of the covenant, and the consideration of the note has failed ; we are of opinion that the exception to the plea, so far as it sets up a failure of consideration of the note, should not have been sustained, and for this reason the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.