### ST. PAUL FIRE & MARINE INS. CO. v. CHARLTON. (No. 8537.)

(Court of Civil Appeals of Texas. Dallas. May 14, 1921.)

1. Indemnity ⊜⇒11—There is no right of action on an indemnity contract until the indemnitee has suffered loss.

In the case of an agreement to pay or a covenant to do a certain act, a recovery may be had as soon as there is a breach of the contract, where as in the case of a covenant of indemnity, strictly, that is of indemnity against loss, no right of action accrues until the indemnitee has suffered a loss against which the covenant runs.

2. Insurance ⊜⇒514—On loss of bonds in mail, insured bank had right of action against insurer under indemnity policy, transferable to plaintiff.

Where a bank was under contract to deliver certain bonds to plaintiff, for which he had paid, and the defendant insurance company contracted to indemnify the bank from loss in transmitting them through registered mail, and they were lost, held, that the bank had sustained a loss entitling it to indemnity from the insurance company, and which the bank could lawfully assign to plaintiff together with the policy.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by S. A. Charlton against the St. Paul Fire & Marine Insurance Company. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Harris & Graham, of Dallas, for appellant.
H. C. Jarrel and S. A. Charlton, both of Dallas, for appellee.

TALBOT, J. The appellee brought this suit against the appellant to recover $200 on an insurance policy issued on August 14, 1917, by the appellant to the State National Bank of San Antonio, Tex., which had been assigned to the appellee. The appellee alleged the issuance of the policy and set out its terms and provisions. He alleged that said bank, on the 20th day of February, 1918, was the owner of two Liberty bonds of the par and market value of $100 each; that he had entered into a contract with the bank for the purchase of said bonds, agreeing to pay therefor the sum of $200; that the bank agreed to deliver the bonds to appellee at Ft. Sill, Okl., title to pass on delivery; that on the day mentioned the bank deposited said bonds as registered mail in the United States post office at San Antonio, Tex., addressed to appellee at Ft. Sill, Okl., and that in order to protect itself and the appellee against loss in transit insured said bonds in appellant's company by the contract of insurance mentioned. The policy insured the bank in case of loss of the bonds, to be paid to the assured in the sum of $200, within "15 days after proof of loss and proof of interest," and provided that—

In case of "loss or misfortune it shall be lawful and necessary to and for the insured to sue, labor, and travel for, in, and about the defense, safeguard, and recovery of the property without prejudice to this insurance, and upon payment of any loss under this policy the assured or assigns, in consideration thereof, agree to convey to the said St. Paul Fire & Marine Insurance Company the unincumbered title in the property lost as absolute owners thereof, and to take all necessary measures in behalf, and at the risk and expense of the said St. Paul Fire & Marine Insurance Company, for the recovery, reissue, or replacement of said property when possible."

Appellant pleaded a general demurrer, special exceptions, and a general denial. The trial court overruled all exceptions to the plaintiff's petition, and upon a trial had before the court without a jury judgment was rendered in favor of appellee for the sum of $226.60, with interest thereon at the rate of 6 per cent. from and after the date of the judgment. Appellant's motion for a new trial was overruled, and it perfected an appeal to this court.

It is contended that the bonds aforesaid, registered and insured under the policy set out above in accordance with the terms and conditions thereof, were lost in the mail; that neither said bonds nor the package containing them ever reached the plaintiff herein and were never delivered to the plaintiff; that the said bank, in due time and in ac-

cordance with the said policy, presented proof of loss and proof of interest, and· in all things, before the delivery of said package to the post office, the said bank fully complied with all the terms, conditions, and provisions of the said policy; that said bank assigned in writing to S. A. Charlton the title to the Liberty bonds, in order that the plaintiff would be in a position to comply with the terms of the policy upon payment by the insurance company, and so that the plaintiff could convey to the defendant the absolute title to such bonds, upon the defendant paying the loss sustained to plaintiff; that on or about the 6th' day of November, 1919, said bank, in writing and for a full consideration, assigned and conveyed to the plaintiff in this cause the cause of action of said bank against the defendant arising as hereinbefore alleged, and said bank assigned to plaintiff the policy of insurance in question, and the claim which it (the bank) may have under and by virtue of said policy, and authorized the said S. A. Charlton to bring, maintain, and prosecute any and all suits necessary to the enforcement of said policy of insurance in his own name; that thereby the plaintiff became the legal owner of the cause of action herein alleged against the defendant, and the defendant became liable and bound to pay to the plaintiff the sum that it had promised and agreed to pay to said bank by reason of the loss of said bonds, to wit, the market value of said bonds, together with 6 per cent. interest thereon.

[1] There is, in general, a well-settled distinction between an agreement to indemnify and an agreement to pay or a covenant to do a certain act. In the latter case a recovery may be had as soon as there is a breach of the contract, whereas, in the case of a covenant of indemnity, strictly, that is, of an indemnity against loss, no right of action accrues until the indemnitee has suffered a loss against which the covenant runs. 14 Ruling Case Law, § 2, p. 44. At common law the rule is that to authorize a recovery on a mere bond of indemnity actual damage must be shown. 14 R. C. L. § 13, p. 55. Appellant invokes an application of the rule of law announced to the facts alleged in the instant case and asserts that under it the judgment of the court below should be reversed and judgment here rendered in its favor, and, in addition to the authority which we have mentioned, cites the cases of Owen v. Jackson-Hinton Gin Co., 217 S. W. 762, decided by this court, and McBride v. Ætna Life Ins. Co., 191 S. W. 5, decided by the Supreme Court of Arkansas. In those cases the plaintiffs sought to recover upon insurance policies taken out by the employer, not for the benefit of their employés, but merely to indemnify themselves against actual loss from personal injury to the employé, and it was correctly held that the insurer incurred no liability until the employer had paid the loss, drawing the distinction between an insurance policy which constitutes a contract of indemnity and what is ordinarily termed "liability insurance."

[2] But we are not prepared to hold that the appellee failed to show by his pleadings a cause of action and right of recovery against the appellant. On the contrary, we have reached the conclusion that the facts alleged show a cause of action and right of recovery in the appellee against the appellant and that the appellant's demurrer was properly overruled. The appellee alleged the purchase of the bonds from the bank at San Antonio, Tex., and facts showing the liability of the bank to him under the contract of purchase; the assignment of the policy of insurance and the bank's claim against the appellant on account of the loss of the bonds; and facts sufficient to show that appellee had been subrogated to the rights of the bank under the policy. The allegations were also sufficient to show that inasmuch as the appellee's contract of purchase called for a delivery of the bonds at Ft. Sill, Okl., the title to the same had not, at the time of their loss, passed to the appellee, and that therefore the loss of the bonds constituted a loss to the bank which the policy indemnified it against and the bank's cause of action, and the policy, according to the allegations of the petition, having been assigned to the appellee, he could sue and recover on the policy. The facts alleged, as is pointed out in the trial judge's conclusions, further show that before the shipment and loss of the bonds the bank had received therefor from the appellee $200, the purchase money, and was legally bound to deliver to the appellee two bonds of the par value of $200; that it had owned two such bonds with which to make such delivery; that after the bonds were lost in the mails the bank occupied the same position as before relative to the $200 received from appellee and to the obligation it had assumed to deliver the bonds to appellee, but it had suffered a loss, as it no longer had the bonds with which to make the delivery and with which to discharge its said obligation; that the practical result is that the bank by the loss of the bonds has lost $200, the value of the bonds, since, while it received $200 in payment for the bonds which it had obligated itself to deliver to the appellee, and had lost the bonds which it endeavored to deliver through the mail and which the appellant had insured to indemnify it against such loss, it was still under obligation to the appellee to deliver bonds as it contracted to do. Clearly in this situation the bank had a cause of action against the appellant on the insurance policy issued by it, which together with the policy could lawfully be transferred and assigned to the appellee. At all events, we think the allegations of the appellee's petition were not obnoxious to a general demurrer, and appellant's first and second as-

signments of error asserting that they were will be overruled.

The third assignment of error has, in effect, been disposed of adversely to the appellant by what we have already said, or, if not, it presents no reversible error.

The judgment is affirmed.