**OLSON et al. v. SMITH.**

No. 3014.

Court of Civil Appeals of Texas. El Paso.
May 24, 1934.

Rehearing Denied June 21, 1934.

Ashworth, Crisp & Ashworth, of Kaufman, for appellants.

Wm. A. Wade and Ara S. Hyde, both of Dallas, for appellee.

HIGGINS, Justice.

The Farmers' & Merchants' State Bank of Mabank, Tex., held the note of Oliver Mallory and wife for $2,000, dated December 29, 1928, due October 1, 1929. C. F. Olson and John Carter, Jr., were president and vice president, respectively, of such bank. The State Banking Department required the bank to charge off the Mallory note. J. Mat Smith was a depositor of the bank. Olson and Carter induced Smith to pay the Mallory note and to induce Smith so to do they gave him this guaranty, viz.:

"December 31, 1928.

"Mr. J. Mat Smith,

"Mabank, Texas.

"Dear Sir:

"We, C. F. Olson and Jno. Carter, Jr., for and in consideration of your taking up and carrying a note of Two Thousand ($2000.00) and no/100 Dollars, we hereby guarantee you against any loss on said note and interest. Signed by Oliver Mallory and wife Kate Mallory, dated December 29th, 1928, and due Oct. 1st 1929.

"Signed this the 31st day of December A. D. 1928.

"[Signed]   C. F. Olson

"[Signed]   Jno. Carter, Jr."

Later Mallory paid to the bank $400, which was by Olson credited to Smith's account. Two hundred dollars of the amount so paid was applied to the payment of interest upon Mallory's note and the balance applied in reduction of the principal. Later the bank ceased business and went into liquidation. The Mallory note was never delivered to Smith. The bank had in its possession some of Smith's private papers. After the failure of the bank these papers were returned to Smith, and among the same was a note by Mallory and wife for $1,800 dated December 15, 1930, payable to the bank. This note was evidently taken by Olson at the time of the $400 payment in renewal of the original $2,000 note.

This suit was brought by Smith against Mallory and wife, Olson, and Carter seeking recovery against the Mallorys the sum due upon the renewal note and to recover against Olson and Carter upon their guaranty above quoted.

The petition sets up the facts, and alleges the insolvency of the Mallorys and the total loss to plaintiff of the $1,800 with interest. It was also alleged that when the $2,000 was paid by Smith and the $2,000 note charged off, such note was held by the bank or Olson for the benefit of plaintiff.

Upon trial without a jury judgment was rendered in Smith's favor against Mallory and wife, Kate Mallory, for $2,486, the amount of principal, interest, and attorney's fees due upon the note sued upon and against Olson and Carter for $2,260, being the principal and interest owing by Mallory and wife. It was decreed that any collections from the Mallorys be credited on the judgment against Olson and Carter and that they "be subrogated pro tanto to the rights of the plaintiff as against said Oliver Mallory and Kate Mallory."

On the trial Smith testified in his own behalf. He testified he did not buy the Mallory note. He further said: "I just 'taken' it out under Mr. Olson's and Mr. Carter's guarantee that they wouldn't let me lose anything."

Olson and Carter prosecute this appeal.

Opinion.

The propositions of appellants may be summarized as follows:

1. The suit is based upon a guaranty of the payment of the Mallory note, wherefore it was necessary for plaintiff to prove ownership of such note, and since his own testimony shows he did not own the note, it was error to render judgment against the Mallorys and appellants, or either of them.

2. The appellants, as guarantors, are not liable because there was a novation of the original Mallory note by the execution of the renewal note for $1,800.

3. The suit cannot be maintained against appellants because the evidence is insufficient to prove a loss.

The two propositions as first stated above are predicated upon the erroneous as-

652

sumption that the suit against appellants is based upon a contract whereby they guaranteed the payment of the Mallory original note. Such is not the nature of the contract executed by appellants and upon which the suit against them is founded. A contract of guaranty is a collateral undertaking, while the obligation of an indemnity contract is an original undertaking whereby the obligor agrees to save harmless, or secure the obligee against loss or damage. 31 C. J. title Indemnity, § 2; 23 Tex. Jur. title Indemnity, § 2.

The contract of appellants guaranteed Smith "against any loss on" the Mallory note by reason of "taking up and carrying" the same. It is a contract of indemnity rather than a contract guaranteeing payment of such note. Such being the nature of the contract, the giving of the renewal note by the Mallorys did not discharge Olson and Carter. This would be true though the renewal note was given by the Mallorys and accepted by Smith without the knowledge or consent of appellants. However, in the light of all the facts and circumstances reflected by the record the court was warranted in assuming that such renewal was with the consent of appellants. It appears that Olson himself handled the transaction.

The point made that Smith by his own testimony shows he did not become the owner of the Mallory note is without merit. Such testimony was but the legal conclusion of Smith and is entitled to no weight if the facts upon which the conclusion was based show the conclusion to be erroneous. Atwood v. Guaranty Const. Co. (Tex. Com. App.) 63 S. W.(2d) 685.

So far as concerns the Mallorys, Smith appears to have been a mere volunteer in paying the note. For this reason the Mallorys could have defeated the suit against them, but they defaulted and have not appealed. The fact that the Mallorys might have defeated a recovery against them upon the note does not aid the appellants.

The undisputed facts show that Smith paid the Mallory note at the request of appellants, thereby, in the language of the contract, "taking up and carrying" the note. As between the bank and Smith the latter became in equity the owner of the note. He "took up and carried" the same, and under the terms of appellants' contract they must protect him against any loss on said note.

The third contention is likewise without merit. The petition averred the Mallorys

were wholly insolvent, had no property within plaintiff's knowledge subject to execution, and the note was a total loss to plaintiff. The evidence sustains these allegations. We regard the pleadings and evidence sufficient to show a total loss sustained by Smith authorizing him to maintain this action against the Mallorys and appellants under the principle announced in Pope v. Hays, 19 Tex. 375, approved and followed in Morton v. Lowell, 56 Tex. 643.

Affirmed.