**RUSSELL v. LEMONS.**

No. 5807.

Court of Civil Appeals of Texas. Amarillo.

Sept. 22, 1947.

Rehearing Denied Nov. 10, 1947.

Sanders, Scott, Saunders & Smith and W. H. Brian, all of Amarillo, for appellant.

Chas. H. Dean, of Plainview, for appellee.

STOKES, Justice.

On February 15, 1936, Lemons-Thompson Company, a corporation, procured from the Reconstruction Finance Corporation a loan in the sum of $22,500, giving as security therefor a deed of trust and chattel mortgage on certain real and personal property. As further security Walter G.

Russell, the appellant, and M. W. Lemons, the appellee, executed and delivered to the finance corporation their written guarantee of its payment. On July 1, 1937, Russell purchased the interests of the appellee and others in the Lemons-Thompson Company and as part of the consideration, he assumed the entire indebtedness due the finance corporation and agreed to protect the appellee from liability thereon. On March 15, 1939, a portion of the loan not having been paid, the balance due thereon was renewed and extended by a new note executed by the Lemons-Thompson Company in the sum of $16,793.95. Subsequent to these transactions the Lemons-Thompson Company changed its corporate name to Peerless Milling Company and, at some time prior to December 18, 1940, the exact date not being shown by the record, the Reconstruction Finance Corporation filed suit in the United States District Court at Dallas against the Peerless Milling Company and Russell and Lemons upon the renewal note and, on the date mentioned, appellant executed and delivered to appellee an indemnity contract in which it was recited that:

"In consideration of the agreement of M. W. Lemons not to file a cross-action against the said Walter G. Russell on the contract of the said Walter G. Russell to hold M. W. Lemons harmless on said note, I do hereby contract and agree that in consideration of the said M. W. Lemons in not filing a cross-action against me in the above described suit, I here and now guarantee to hold M. W. Lemons harmless and to protect him against whatever judgment, if any, may be entered against the said M. W. Lemons in said cause number 370."

The record further shows that on March 8, 1941, the Reconstruction Finance Corporation recovered judgment against Peerless Milling Company, Walter G. Russell and M. W. Lemons for the sum of $18,831.-36, together with foreclosure of its deed of trust and mortgage liens. The properties covered by the liens were sold under execution on July 1, 1941, and after crediting the judgment with the proceeds of the sale, there was left as a deficiency judgment the sum of $7,831.36.

In compliance with the terms and provisions of the indemnity contract, appellee refrained from filing in the federal court suit a cross-action against appellant upon his assumption and agreement to pay the loan and the record indicates that no special effort was made by the finance corporation to collect the balance of the judgment until the early part of 1945, when Lemons was called upon by the agent of the finance corporation to pay it and threatened to levy an execution upon his stock of merchandise unless he did so. He thereupon took up negotiations with the finance corporation at Dallas, employing an attorney and paying his expenses to go to Dallas and negotiate some kind of settlement and compromise. The negotiations resulted in the agreement of the Reconstruction Finance Corporation to settle and release the deficiency judgment for $1,000, which was paid by appellee on February 9, 1945. On March 20, 1945, appellee notified appellant of the settlement and called upon him to reimburse appellee the amount he had paid to the corporation, together with the attorney's fee of $200 and the expenses incurred of $85. Appellant did not respond to the request of appellee, and this suit was instituted by the latter on July 31, 1945. In his petition the appellee set up the facts substantially as detailed above and prayed for judgment against appellant in the sum of $1,285 upon his contract of indemnity. Appellant answered by a general denial, a plea of failure of consideration, and that appellee's cause of action was barred by the four year statute of limitation.

The case was submitted to the court without the intervention of a jury and on January 7, 1947, judgment was rendered by the court in favor of the appellee and against appellant for the amount sued for, to which appellant duly excepted and from which he has prosecuted this appeal. He contends the court erred in holding: first, that appellee's cause of action was not barred by the four year statute of limitation; secondly, in holding the indemnity contract was not invalid and void for lack of a consideration to support it; and thirdly, in rendering judgment against him for the attorney's fees and expenses incurred

by appellee in negotiating a compromise of the judgment rendered in the federal court.

■ The principal question in the case is presented by appellant's first contention. He asserts that the indemnity contract was an indemnity against liability rather than against damages arising by virtue of the federal court judgment and that, therefore, appellee's cause of action accrued at the time his personal liability on the judgment became fixed and certain by the sale of the mortgaged property, which was July 8, 1941. The instant suit was instituted on July 31, 1945, which was a few days more than four years after the execution sale. If appellant is correct in his interpretation of the indemnity contract, his contention that the cause of action was barred by limitation must be sustained because, under Article 5527, R.C.S. 1925, all actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing, must be commenced within four years after the cause of action shall have accrued and not afterwards. The obligation assumed by appellant in the indemnity contract was to hold appellee harmless and to protect him against whatever judgment, if any, that may be entered against him in the federal court suit. There is a well drawn distinction between an obligation conditioned upon the payment of a certain sum of money, or the performance of a certain act, and an obligation to indemnify the indemnitee; and there is likewise a clear distinction between an obligation to indemnify the indemnitee against the rendition of a judgment or the accrual of a liability and one to indemnify him against its consequences or any damages or injuries that might be suffered by him by virtue thereof. In the former class, that is, where the obligation binds the indemnitor to protect the indemnitee against the rendition of a judgment against him, or against a liability, the obligation matures immediately upon the rendition of such a judgment or the accrual of liability against the indemnitee. Wicker v. Hoppock, 6 Wall. 94, 73 U.S. 94, 18 L.Ed. 752; Pope v. Hays, 19 Tex. 375; Craven v. Buchannan, Tex.Civ. App., 248 S.W. 89; Conner v. Reeves, 103 N.Y. 527, 9 N.E. 439.

■ In the latter class of cases, that is, those obligations which are strictly indemnifying in their nature, and indemnify against loss, damage, or injury, no right of action accrues until the indemnitee has suffered a loss against which the covenant of indemnity runs. St. Paul Fire & Marine Ins. Co. v. Charlton, Tex.Civ.App., 231 S.W. 862; Gregory v. Green, Tex.Civ.App., 133 S.W. 481; Gunst v. Pelham, 74 Tex. 586, 12 S.W. 233; First State Bank of Paradise v. Wallace, Tex.Civ.App., 161 S.W. 957; Olson v. Smith, Tex.Civ.App., 72 S.W. 2d 650.

■ The nature of appellant's liability on the indemnity contract must be determined by its provisions, following the familiar maxim of the law that, as a man binds himself, so shall he be bound. The indemnity contract here involved does not guarantee or protect the appellee against the rendition of a judgment in the federal court case. Appellant bound himself to hold appellee harmless and to protect him against whatever judgment, if any, that may be entered against him in that case. The record shows that the suit in the federal court had been filed before the indemnity contract was executed and was pending at the time of its execution. There is no intimation that any of the parties had any sort of a defense against the indebtedness to the Reconstruction Finance Corporation. On the other hand, it is apparent that both appellant and appellee knew a judgment would be rendered against them. Appellant had purchased the interest of the appellee and others in the Peerless Milling Company and had assumed and agreed to pay the indebtedness due the finance corporation. Appellee clearly had the right to file in the federal court suit a cross-action against appellant and, as far as the record in this case shows, he would have been entitled a judgment thereon. The indemnity contract recites in effect that appellant deemed it against his best interest for the appellee to file a cross-action against him and he agreed that, if appellee would not do so, he would hold appellee harmless and protect him against the contemplated judgment. It is plain, therefore, that the obligation was not in-

632

tended to protect appellee against the rendition of a judgment or against the accrual of liability thereon. Our interpretation of the contract is that appellant obligated himself to stand between the judgment and appellee, hold the latter harmless, and protect him from its consequences. It was not an agreement to pay to appellee any money, nor to perform any act for him, but one of strict indemnity. Appellee's cause of action did not accrue, therefore, until he suffered damage or injury by discharging the judgment or a portion of it. This he did not do until February 9, 1945. His cause of action against appellant not having accrued until that date, it was not barred by the statute invoked by appellant and his contention in that respect will be overruled.

The next contention is that the court erred in holding that there was a valid consideration to support the indemnity contract. This contention is based upon the assertion that it took the place of a prior contract of a similar nature and that no cause of action had accrued under the prior contract at the time the contract sued upon was executed. The prior contract was one of indemnity against the original note and guaranty executed by the parties to the finance corporation. The contract sued upon was designed to relieve appellant from the consequences of a cross-action to which appellee was clearly entitled. There is no contention that appellee violated the contract and filed a cross-action. On the other hand, it is shown conclusively that he did not do so. The relief from litigation upon a cross-action constituted a valid consideration moving to appellant and the giving up of his right to file the cross-action was likewise a consideration moving from appellee. It is a well established rule in this state that forbearance to sue upon a well-founded claim is ample consideration for a contractual obligation. Bass v. Wallace, Tex. Civ.App., 199 S.W. 506; Ramsey v. Farmers' & Citizens' Savings Bank, Tex.Civ. App., 177 S.W. 209; W. L. Moody & Co. v. Rowland, 46 Tex.Civ.App. 412, 102 S.W. 911; Hunter v. Lanius, 82 Tex. 677, 18 S.W. 201.

Under the remaining assignments appellant complains because the court rendered judgment against him for the attorney's fees and the expenses incurred by appellee in employing counsel to negotiate a compromise and settlement of the federal court judgment. No criticism can be leveled at the manner in which appellee adjusted and compromised the judgment. He saved appellant approximately $7,000 by the compromise and payment of only $1,000 instead of the much larger amount that was due. In doing so he incurred an expense of $285, which must be considered a necessary expenditure and which he was forced to incur on account of appellant's failure to comply with his indemnity contract and protect appellee according to its provisions. These items constituted a loss and injury to the appellee, and we think they were clearly contemplated in the provisions of the indemnity contract. Jackson v. Steffens, Tex.Civ.App., 32 S.W. 862; Warren v. Stoddart, 105 U.S. 224, 229, 26 L.Ed. 1117.

We have carefully considered all of the assignments of error presented by appellant and, in our opinion, none of them reveals error. The judgment of the court below will, therefore, be affirmed.