Daniel R. DIAZ et ux., Appellants,

v.

Ismael TREVINO, d/b/a Trevino Floor and Carpet Company, Appellee.

No. 4698.

Court of Civil Appeals of Texas.

Waco.

June 20, 1968.

------◆------

Sorrell, Anderson & Porter, James H. Atwill, Corpus Christi, for appellants.

Max J. Luther, III, Corpus Christi, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Diaz and wife, from a judgment for Trevino Carpet Company, for $611.50; foreclosure of mechanic's lien for such amount; and for $400. attorney's fee.

Diaz and wife, plaintiffs, brought suit against defendants Trevino, Bodine-Scott Air Conditioning Company, and Rogers Floor and Carpet Company, to declare null and void Materialman's and Mechanic's Liens filed by said defendants against the property of plaintiffs. Defendants individually filed cross-actions against plaintiffs, asking that the Mechanic's Lien be reduced to judgment, and Trevino asked for personal judgment against plaintiffs. Trial was to the court without a jury, which, after hearing, rendered judgment that Rogers and Bodine-Scott take nothing, and that their Mechanic's Lien be declared null and void; with further judgment in favor of Trevino against Diaz and wife, for $611.50. for foreclosure of Mechanic's Lien; and further for $400. attorney's fee.

Diaz and wife appeal on 5 points, contending:

1) The trial court erred in failing to make Findings of Fact and Conclusions of Law after timely request for same.

2) The trial court erred in granting judgment for attorney's fees of $400., as there is no statutory contract right by which appellee could recover attorney's fee for the foreclosure of his materialman's and mechanic's lien.

3) The findings of contract for the $611.50; and that appellee filed affidavits of lien not later than 30 days after work completed, are against the overwhelming weight and preponderance of the evidence.

We revert to Contention 1. Trial was before the court without a jury. The trial court entered judgment for appellee for $611.50, foreclosure of materialman's and mechanic's lien for such amount, and $400. attorney's fee. Appellant timely requested the trial judge to file Findings of Fact and Conclusions of Law under Rules 296 and 297 Texas Rules of Civil Procedure. The Statement of Facts reflects that Diaz testified that he moved into the house on November 10th, and that Trevino did no more work in the house after November 11th. Trevino testified he made the invoice for the carpeting on November 16th and completed the work some 4 days later, on November 20th. It is undisputed that Trevino was due $611.50; and Trevino testified he invoiced Diaz for the amount on November 16th; and that Diaz did not pay. Under such record the trial court had a right to and apparently did believe Trevino. Hence, appellant has suffered no injury as a result of the trial court's failure to file Findings and Conclusions; and such failure is not reversible error. See Rule 434 T.R.C.P.; Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117.

Contention 2 is that the trial court erred in granting appellee $400. attorney's fees. The record reflects Trevino sold carpets to Diaz; billed Diaz for $611.50 for the carpet; and has not been paid. Trevino

presented his bill to Diaz on November 16. Article 2226, V.A.T.S., provides that any person having a claim for labor done and material furnished, may present his bill, and if not paid within 30 days, may recover his claim and reasonable attorney's fees. The parties stipulated that attorney's fees might be proved by the testimony of each lawyer as to the number of hours spent, with the trial court making a determination of reasonable attorney's fees based on such hours. Appellee's attorney testified he spent 20 hours on the matter and the trial court fixed attorney's fees at $400.

It is true attorney's fees cannot be included in the foreclosure of a non-contractual mechanic's lien. Hennemuth v. Weatherford's Roofing Co., CCA (nre) 278 S.W.2d 271; Rhoades v. Miller, CCA (nwh) 414 S.W.2d 942, 944. The judgment forecloses the mechanic's and materialman's lien as recorded in Vol. 171, pages 146–149 of the Lien Records of Nueces County, and such is for $611.50, and does not include the attorney's fees. The $400 attorney's fees is by way of personal judgment only.

Plaintiffs' 3rd contention is that judgment for the $611.50, as well as foreclosure of mechanic's lien, is against the overwhelming weight and preponderance of the evidence. Trevino testified he invoiced Diaz for the $611.50 on November 16; that he completed the work on November 20th; and the record reflects that the lien was filed on December 17th. It is true that Diaz testified he moved into the house on November 10th and that no work was done after November 11th. But the trial court had a right to believe Trevino, and we think the judgment not against the overwhelming weight and preponderance of the evidence.

All appellants' points and contentions are overruled.

Affirmed.