**TEXAS AUTO SERVICES, INC., Appellant,**

v.

**W. G. KEMP et al., Appellees.**

**No. 11900.**

Court of Civil Appeals of Texas, Austin.

March 22, 1972.

Stubbeman, McRae, Sealy, Laughlin & Browder, Milton L. Bankston, Austin, for appellant.

Hooper & Robinson, Karl H. Moeller, Malcolm Robinson, Austin, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, Section 23.

Appellees, W. G. Kemp and Budget Rent-A-Car of Austin, Inc. filed suit in the District Court of Travis County to recover $2,900.00 from appellant, Texas Auto Services, Inc. Appellees' claim arose from the alleged breach of an indemnity agreement in a contract by which Budget Rent-A-Car of Austin, Inc., sold its assets to appellant. Appellant is a domestic corporation with its registered office and agent located in Tarrant County.

In their controverting plea, appellees pleaded that Section 23 of Article 1995 was applicable as an exception to the general venue rule, since appellant had an agent or representative in Travis County, where appellees resided, and since the cause of action or a part thereof arose in Travis County.

Appellant attacks the order overruling its plea of privilege by six points, the first and second being that there was no evidence or insufficient evidence that appellees' cause of action arose in Travis County. Points three and four assert that there was no evidence or insufficient evidence that appellees were residents of Travis County at the time the cause of action or any part arose. Points five and six maintain that there was no evidence or insufficient evidence that appellant had an agency or representative in Travis County.

Appellees' counterpoints are that the cause of action or a part arose in Travis County and that appellant is a resident of Travis County "and/or maintains an agency or representative" there.

Section 23 of Article 1995 is as follows:

"23. Corporations and associations.—Suits against a private corporation . . . may be brought in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, . . . has an agency or representative in such county; . . ."

Under Section 23 the venue facts are: (1) the plaintiff has a cause of action;

**648**

(2) the plaintiff resided in the county when his claim or a part thereof arose, and (3) the corporation "has" an agent or representative in the county, presumably either when suit was filed or at the time of the hearing. See McDonald, Texas Civil Practice, Vol. I, § 4.30.3, pp. 523–524 (Revised Volume 1965).

Appellees failed to prove a cause of action. Appellees who were in the business of leasing cars, obtained their cars from various dealers, among whom was Robert Wilton Holley. Appellees pleaded that appellee, Budget Rent-A-Car of Austin, Inc., sold its assets to appellant, and as a part of that sale, appellant agreed to assume the liabilities rising from the rental agreements with the various car dealers ". . . and to hold Budget Rent-A-Car of Austin, Inc. and W. G. Kemp harmless from any claims arising from such leases." Appellees alleged that appellant breached its agreement in failing to pay the lease or return to Holley a rent car. Appellees declared further that Holley ". . . is making demand upon them and Kemp individually to pay the sum of $2,900.00 . . . because of the breach by the Defendants in failing to live up to its agreement and save the said Plaintiffs harmless."

■ A distinction is recognized between a contract to indemnify against the accrual of a liability, and one to indemnify against damages, or injuries actually suffered. Russell v. Lemons, 205 S.W.2d 629 (Tex.Civ.App.1947, writ ref'd n. r. e.). 41 American Jurisprudence 2d, Sections 28–31, pp. 719, 721. In a contract of indemnity against liability, the indemnitee need not have suffered an actual loss for the right to indemnification to arise. It is necessary only that his liability be fixed and certain; for example, the rendition of a judgment, though the judgment remains unpaid. Pope v. Hays, 19 Tex. 375 (1857). Contrarily, in a contract of indemnity against damages or injuries, the right to indemnification arises when the indemnitee suffers actual loss by being compelled to pay. Russell v. Lemons, *supra.*

■ Appellees' pleadings and proof do not show that any right of indemnity has accrued to Kemp, whether the indemnity proviso be considered one against liability or one against damages or injuries. Appellees have not shown that Holley has obtained a judgment against Kemp or that Kemp has suffered a loss. Similarly, Kemp has made no payment to Holley nor has he been forced to defend against any claim by Holley. Holley's only move has been to write a letter to Kemp in which he stated, "William I must ask you to pay this unit off plus interest that I am having to pay because of this delay between Mr. Coker and you."

Since appellees failed to prove a cause of action we sustain point of error one. Accordingly, it it not necessary to consider appellant's other points.

By their second counterpoint appellees seek an affirmance on the basis that they proved that appellant was a resident of Travis County under the general venue rule. This was proved, they say, by the introduction into evidence of an assumed name certificate filed with the records of the County Clerk of Travis County. That certificate stated that appellant was "conducting or transacting" business in Austin, Travis County under the name of Budget Rent-A-Car.

■ Appellees' position is erroneous since under the basic venue rule the residence of a domestic corporation, subject to the Texas Business Corporation Act or Non-Profit Corporation Act, is the county wherein is located its registered office, whether or not its place of business is in such county. Ward v. Fairway Operating Co., 364 S.W.2d 194 (Tex.1963). McDonald, Texas Civil Practice, Vol. I, § 4.30.1 (Revised Volume 1965), 17 Southwestern L.J. 340 (1963). Appellant's registered office is located in Tarrant County where it "resides" for general venue purposes.

The judgment is reversed and here rendered that the cause be transferred to the District Court of Tarrant County, Texas.