D. R. BERNARD et al., Appellants,

v.

L. S. S. CORPORATION, Appellee.

No. 12337.

Court of Civil Appeals of Texas,
Austin.

Jan. 14, 1976.

Rehearing Denied Feb. 4, 1976.

Michael P. Kessler, Houston, for appellants.

Edmund L. Cogburn, John M. Helms, Dow, Cogburn & Friedman, Houston, for appellee.

PHILLIPS, Chief Judge.

This is an appeal from a summary judgment entered in favor of appellee L.S.S. Corporation on a cross-claim for indemnity against appellants D. R. Bernard, J. B. Richardson, W. R. Knowles, and Darrell D. Wilson, based upon appellants' written guaranty of a lease agreement by leasee, Mother Blues, Inc.

We affirm the judgment of the trial court.

On December 29, 1967, Mother Blues, Inc., leased premises from the L.S.S. Corporation for use as a nightclub. Subsequently, Mother Blues, Inc., failed to pay admission taxes to the State. On December 8, 1969, the State imposed a statutory lien on the leased premises under Tex.Laws 1957, Ch. 34, § 1, at 70.[1] On August 16, 1973, the State sued Mother Blues, Inc., for the admission tax delinquency, and L.S.S. Corporation for foreclosure of the statutory lien. L.S.S. Corporation cross-claimed against Mother Blues, Inc., for indemnity under sections 7 and 13 of the lease for any liability it might incur for the failure of Mother Blues, Inc., to pay admission taxes during the period from April 1, 1968 to September 30, 1970, and against the appellants under their guaranty for any liability L.S.S. Corporation might incur for the failure of Mother Blues, Inc., to pay admission taxes between January 1, 1968 and September 30, 1969, the period the guaranty was in effect.

On January 30, 1975, the district court granted summary judgment to the State of Texas for $13,527.77 plus interest against Mother Blues, Inc., and for foreclosure of the State's statutory lien on the leased premises owned by L.S.S. Corporation. The court then granted summary judgment to the L.S.S. Corporation on its cross-claim against Mother Blues, Inc., and the appellants in the sum of $18,527.77 for indemnity and attorney fees.

Appellants bring their appeal from the summary judgment against them on the cross-claim of L.S.S. Corporation.

Appellants are before us on three points of error, contending, first, that appellee's cause of action for indemnity for the tax liability was barred by the four-year statute of limitations; second, that the appellants were not personally liable to appellee under the guaranty because the guaranty period had expired before the State brought suit on the unpaid taxes and the statutory lien; and third, that summary judgment was improper because of insufficient proof offered by appellee and the existence of fact issues.

The indemnity clause in question is found in section 13 of the lease. It provides, in pertinent part:

"Tenant agrees to indemnify and save landlord harmless from all claims (including costs and expenses of defending against such claims) arising (or alleged to arise) from any act or omission of Tenant . . . ."

We construe this clause as a promise to indemnify against liability. As such, a cause of action accrues to the indemnitee only when liability becomes fixed, as upon rendition of a judgment. *Russell v. Lemons,* 205 S.W.2d 629 (Tex.Civ.App.1947, writ ref'd n. r. e.); *Texas Auto Services, Inc. v. Kemp,* 478 S.W.2d 646 (Tex.Civ.App.1972, no writ). We hold that the cause of action of L.S.S. Corporation against Mother Blues, Inc., for indemnity for the unpaid admission taxes arose only upon foreclosure of the State's statutory lien on appellee's real property, not, as appellants contend, when Mother Blues, Inc., became delinquent in its tax payments. Consequently, appellee's cross-claim for indemnity was not barred by the four-year statute of limitations.

Appellants contend in their second point of error that their guaranty had expired on September 30, 1969, and was no longer in

1. Until this provision was amended in 1971 the State could obtain a lien for unpaid admission taxes on "all property *used* by the owner or operator of any place of amusement." (Emphasis added)

effect when appellee obtained judgment for indemnity against Mother Blues, Inc., on January 30, 1975. Consequently, they maintain they cannot be held personally liable under the guaranty for the indemnity judgment against Mother Blues, Inc.

We agree that the guaranty expired by its own terms on September 30, 1969. However, it was while the guaranty was in force that Mother Blues, Inc., incurred liability for payment of the admission taxes. The guaranty agreement made appellants personally liable for performance by Mother Blues, Inc., of all the lease provisions, and it is undisputed that the failure to pay admission taxes when due was a breach of section 7 of the lease, by which Mother Blues, Inc., promised "(to) comply with all Federal, State, Municipal, and other laws, ordinances, rules, and regulations applicable to the leased premises, including  .  .  . business conducted thereon." Appellants cannot escape personal liability on their guaranty for the non-performance of Mother Blues, Inc., of its lease obligations while the guaranty was in effect, simply because the assured party, here L.S.S. Corporation, had no cause of action for indemnity until it had incurred liability by virtue of the rendition of judgment for the State against Mother Blues, Inc., and foreclosure of the statutory lien on its real property.

We also overrule appellants' third and last point of error which asserts that the trial court erred in granting summary judgment. The questions presented the court were solely questions of law relating to the interpretation of the guaranty contract. The facts giving rise to the lawsuit are admitted. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). We also hold that if there was any ambiguity in the contract, a question upon which we express no opinion here, in the absence of pleadings to raise that issue, we consider it waived. *Ross v. Burleson,* 274 S.W.2d 105 (Tex.Civ. App.1954, no writ); *Pickering v. First Pyramid Life Insurance Co. of America,* 491 S.W.2d 184, 185 (Tex.Civ.App.1973, writ ref'd n. r. e.); *Sale v. Contran Corp.,* 486 S.W.2d 161, 165 (Tex.Civ.App.1972, writ ref'd n. r. e.).

The judgment of the trial court is in all things affirmed.

Affirmed.