LAWYERS TITLE COMPANY OF HOUSTON, Appellant,

v.

Frederick A. AUTHUR et al., Appellees.

No. 5851.

Court of Civil Appeals of Texas, Waco.

July 6, 1978.

Joseph C. Lipper, Bailey, Blum & Lipper, Houston, for appellant.

Iris Hefter Robinson and Arthur M. Glover, Jr., Hicks, Hirsch, Glover & Robinson, P. C., A. D. Downer, Plummer & Downer, Houston, for appellees.

## OPINION

JAMES, Justice.

This is a suit for a bond premium and attorneys' fees, together with a Third Party Cross-Action by the Defendants for indemnity. Plaintiff Higdon Compton Insurance Agency brought this suit against Defendants Frederick A. Authur, A. O. Authur and wife Velma Authur, and Eldred Keith Kamman and wife Patsy Authur Kamman for one year's bond premium in the amount of $1260.00 plus $420.00 attorneys' fees. The Defendants Frederick A. Authur et al filed a Third Party Cross-Action against the Appellant Lawyers Title Company of Houston for indemnity to reimburse Defendants for any amounts, if any, that Defendants might be obliged to pay Plaintiff. Said cross-action was based upon a claim that Lawyers Title was negligent in its failure to record a release of the lien which was the subject matter of the bond in question, which alleged failure occasioned an additional year's bond premium sued for by Plaintiff.

Trial was to the court without a jury, after which Plaintiff Higdon Compton was awarded judgment against Defendants Frederick A. Authur et al in the amount of $1228.95 and costs with a denial of attorneys' fees; also Defendants Frederick A. Authur et al were awarded a judgment of indemnity in the same amount of $1228.95 and costs against Lawyers Title.

Cross-Defendant Lawyers Title has appealed from the trial court's judgment and Plaintiff Higdon Compton has appealed from the trial court's refusal to award Plaintiff attorneys' fees. We overrule all points of error and affirm the trial court's judgment.

Appellant Lawyers Title asserts two points of error, to wit: (1) the trial court erred in failing to apply the two-year statute of limitations to the action filed by Defendants Authur et al against Lawyers Title, and (2) the trial court erred in failing to file findings of fact and conclusions of law after demand was made by Appellant.

Plaintiff Higdon Compton asserts one point of error, namely, that the trial court erred in failing to award attorneys' fees to Plaintiff under the provisions of Article 2226, Vernon's Texas Civil Statutes.

Defendant Frederick A. Authur was the owner of a tract of real estate upon which he planned to construct a shopping center. Barksdale Mortgage Corporation had filed a lien against said real estate in the amount of $31,500.00, which lien clouded the title and which hampered Defendant Authur's efforts to get financing so as to proceed with the construction of his shopping center.

On or about January 4, 1973, Frederick A. Authur secured a bond from Plaintiff Higdon Compton Insurance Agency for the purpose of indemnifying Barksdale Mortgage Corporation concerning the lien filed by Barksdale hereinabove mentioned. Said bond was made with Maryland American General Insurance Company as surety, and with Frederick A. Authur and the other above-named Defendants as principals. Said bond application provided that a premium be paid to Higdon Compton at the rate of $1260.00 per year, and that said bond would continue in effect from year to year until the issuing company (Maryland) was furnished with conclusive evidence that there could be no further liability on the bond.

Defendant Authur paid the first year's premium to Higdon Compton for the period from January 4, 1973, through January 4, 1974. With this bond having been made, Defendant Frederick A. Authur was free to secure, and did secure, a loan from Huntwick Bank by which he was enabled to have sufficient money to pay off the lien to Barksdale and other debts and to proceed with the shopping center construction.

With the acquiescence and/or approval of the Huntwick Bank, Defendant Authur secured the services of Lawyers Title to act as escrow and disbursing agent of the loan funds and to issue the necessary title insurance policy for the Bank. For these services rendered by Appellant Lawyers Title, Authur paid Appellant a fee. On December 21, 1973, Authur's loan with Huntwick Bank was closed by Lawyers Title, and said loan funds were disbursed, included in which disbursement was payment to Barksdale Mortgage Corp. the amount required to discharge the lien which Barksdale had filed against Authur's property. Higdon Compton Insurance Agency needed to be furnished a release of this Barksdale lien in order to stop the necessity of Authur's having to pay a second year's bond premium, which was due January 4, 1974. However, Higdon Compton never was furnished a copy of the Barksdale release. Authur was not a lawyer, and had no lawyer to represent him at the December 21, 1973, loan closing. It is apparent from the record that at the time of the closing and for some time thereafter Authur did not realize and understand that Higdon Compton needed this release in order to "stop" the bond premium from running. Be that as it may, Lawyers Title's employee, one Buck Eckels, handled the loan closing for Authur, and as part of the closing agreed with Authur that Lawyers Title would record all necessary releases. Authur testified that when the loan closing transaction was completed, Eckles assured him (Authur) that everything necessary to the closing had been accomplished, and that Authur could go ahead with construction of his shopping center. Authur testified that the Barksdale release was executed and that he (Authur) saw this release in Eckels's file at the time of the closing; however, Eckels denied this. At any rate, Mr. Higdon Compton testified that he checked the official records in the early part of 1974, and the Barksdale release had never been recorded. Meanwhile, Higdon Compton made several demands on Authur to pay the second year's bond premium of $1260.00 which Authur refused to pay. After considerable wrangling be-

tween Higdon Compton, Authur, and Lawyers Title, Lawyers Title finally secured the necessary Barksdale release on November 26, 1974, which was filed for record on December 5, 1974, thus stopping the bond premium from running any further.

We revert to Appellant Lawyers Title's first point, to wit, that the trial court erred in failing to apply the two-year statute of limitations to the action filed by Authur et al against Lawyers Title. The argument is that Authur definitely knew in May of 1974 that he needed the Barksdale release, which was more than two years before he sued Lawyers Title on June 8, 1976. We overrule this contention.

■ Lawyers Title in its relationship with Authur was in the position of an indemnitor under an implied contract of indemnity. For a cash fee paid by Authur, Lawyers Title agreed to handle Authur's real estate loan closing; and as part of such closing, Lawyers Title agreed to record all necessary releases. This would include the recording of the Barksdale release, which was not done until nearly a year after the loan closing. Authur testified that Eckels, the executive vice president of Lawyers Title, assured him that "everything necessary to the closing had been accomplished." The trial court was authorized to believe this testimony, and to make an implied finding that Lawyers Title had thereby become an indemnitor of Authur should Authur later be called upon to suffer financial loss because all of the proper releases had not been filed at the time of closing.

■ Under these circumstances Authur's cause of action against Lawyers Title did not accrue until liability against him became fixed and certain, which was at the time of rendition of a judgment against him (Authur). This being so, limitations did not commence to run upon Authur's cause of action against Lawyers Title until the date of Higdon Compton's judgment against Authur, same being May 5, 1977. *Russell v. Lemons* (Amarillo CA 1947) 205 S.W.2d 629, NRE; *Bernard v. L. S. S. Corporation* (Austin CA 1976) 532 S.W.2d 409, NRE; 30 Tex.Jur.2d "Indemnity," section 13, page

458. We therefore overrule Appellant Lawyers Title's first point of error.

■ Appellant Lawyers Title's second and remaining point complains of the trial court's failure to make findings of fact and conclusions of law. See Rules 296 through 299, inclusive. The record shows that Lawyers Title took timely steps to preserve this point of error. We recognize that it is error for the trial court to fail or refuse to make findings of fact and conclusions of law when proper and timely request has been made; however, it is not reversible error if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. *Wagner v. Riske* (Tex.1944) 142 Tex. 337, 178 S.W.2d 117. Also see *Diaz v. Trevino* (Waco CA 1968) 430 S.W.2d 742, no writ; *Fraser v. Goldberg,* (Beaumont CA 1977) 552 S.W.2d 592, NRE; *Beneficial Finance Co. v. Williams* (Beaumont CA 1976) 539 S.W.2d 90, writ dismissed. In the case at bar, we are of the opinion and hold that the record before us affirmatively shows that Lawyers Title has suffered no injury because of the failure of the trial court to make findings of fact and conclusions of law. In the record before us we have what purports to be a complete statement of facts. The only point of error asserted by Lawyers Title (other than failure to make findings and conclusions) is that the trial court erred in failing to apply the two-year statute of limitations to Authur's cause of action against Lawyers Title. The facts are undisputed concerning this point of error, which point turns not on the evidence but on a point of law concerning indemnity, which has been hereinabove discussed. Therefore, the trial court's failure to make findings of fact and conclusions of law did not prevent Appellant Lawyers Title from making a proper presentation of its case to the appellate court, and the error shown here under this state of the record is harmless. Rule 434, Texas Rules of Civil Procedure.

■ Lastly, Plaintiff-Appellant Higdon Compton asserts in its sole point of error

582

that the trial court erred in failing to award attorneys' fees to Plaintiff-Appellant under the provisions of Article 2226, Vernon's Texas Civil Statutes. Higdon Compton argues that part of the amount which it (Higdon Compton) sued to recover from Frederick A. Authur represents Hidgon Compton's commission on the bond premium, which Plaintiff-Appellant retained out of the amount owed by Authur before forwarding the remainder of the bond premium to the bonding company. Plaintiff-Appellant contends that its commission is in essence payment for "personal services," and that attorneys' fees can be recovered in suits for personal services under Article 2226, citing *Huff v. Fidelity Union Life Ins. Co.* (Tex. 1958) 158 Tex. 433, 312 S.W.2d 493 and the authorities therein cited on pages 498 and 499. We overrule this contention, because in our opinion *Huff* and the cases cited therein are not applicable to the case at bar.

In the instant case, Higdon Compton's suit against Authur was on a written contract of guaranty which did not provide for attorneys' fees. Said contract provided that Defendants Frederick A. Authur et al pay bond premiums at the rate of $1260.00 per year, and this suit was for the second year's premium. At the time this case was tried and judgment entered, Article 2226 was in effect with the wording as it was prior to the August 29, 1977, amendment.

We are of the opinion and hold that Plaintiff-Appellant Higdon Compton's suit against Authur et al is based upon a "special contract," and that attorneys' fees are not recoverable therefor. *Meaders v. Biskamp* (Tex.1958) 159 Tex. 79, 316 S.W.2d 75; *Guay v. Schneider, Bernet, & Hickman* (Waco CA 1960) 341 S.W.2d 461, writ refused, NRE, by memorandum opinion by Supreme Court, 161 Tex. 560, 344 S.W.2d 429; *Eisenbeck v. Buttgen* (Dallas CA 1970) 450 S.W.2d 696, no writ.

All points of error asserted by both Appellants are overruled. Judgment of the trial court is accordingly affirmed.

AFFIRMED.