Joe T. HOLLAND and Harold B. Smith, Appellants,

v.

FIDELITY & DEPOSIT COMPANY OF MARYLAND.

No. 1821.

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1981.

Rehearing Denied Nov. 5, 1981.

Charles W. Cromwell, Wade & Cromwell, Corpus Christi, for appellants.

Harold Alberts, Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

This is an appeal from a judgment entered in a non-jury trial to recover under an indemnity agreement for payments made on several performance bonds. Fidelity & Deposit Company of Maryland, appellee-plaintiff, brought this suit against Joe T. Holland, Harold B. Smith and H–S Green Company, Inc., appellants-defendants, for losses on three (3) bonds in the amount of $100,787.62 plus interest and attorneys' fees. In answer to appellee's petition ap-

pellants plead a general denial and the statute of limitations. The trial court entered judgment for appellee. We affirm.

On July 1, 1974, H–S Green Company, Inc., together with Joe T. Holland and Harold B. Smith, entered into an agreement with Fidelity & Deposit Company of Maryland to indemnify appellee for any losses which might be sustained by appellee by reason of certain performance bonds executed by appellee in appellants' behalf. Subsequently, H–S Green Company, Inc. defaulted in the performance on contracts with the cities of Corpus Christi, Kingsville and the Brownsville I.S.D. On July 23, 1975, appellee received two letters from appellants authorizing payments be made to certain suppliers under the construction contract with the cities of Corpus Christi and Kingsville. On that same date appellee received a copy of a letter from appellants to the Brownsville I.S.D. directing that all future payments due H–S Green Company, Inc. under the contract be forwarded to appellee. Appellants also on July 25, 1975 signed a power of attorney to appellee to allow appellee to receive any monies due under construction contract with Brownsville I.S.D.

On July 29, 1975 appellee made its first payment to the City of Kingsville as it was obligated to do under its performance bond. Similar payments were made to the City of Corpus Christi on August 4, 1975 and to the Brownsville I.S.D. on August 29, 1975. Appellee's suit was filed on July 26, 1979.

The indemnity clause in question provides:

"All liability for losses and/or expenses of whatever kind or nature (including, but not limited to interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the surety may sustain and incurr."

The indemnity contract further provides that:

"The surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated . . ."

Appellants' contention is that appellee's cause of action for indemnity is barred by the four-year statute of limitations. Tex. Rev.Civ.Stat.Ann. Article 5527. Appellants contend that the indemnity contract was an indemnity against liability rather than against losses incurred by virtue of payments being made under the performance bond. Appellants assert that the cause of action accrued at the time liability became fixed and certain, as evidenced by either letters to appellee or Brownsville I.S.D. dated July 23, 1975, or by appellants' assignment of power of attorney to appellee dated July 25, 1975. This suit was filed on July 26, 1979, which was a few days before appellee's payment to the City of Kingsville.

■ There is a well drawn distinction between an obligation to indemnify the indemnitee against the rendition of a judgment or the accrual of a liability, and one to indemnify him against its consequences or any damage or injuries that might be suffered by him. *Russell v. Lemons*, 205 S.W.2d 629 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.). Where the obligation binds the indemnitor to protect the indemnitee against liability, the indemnitee need not have suffered an actual loss for the right to indemnification to arise. It is only necessary that the liabilities be fixed and certain. *Pope v. Hays*, 19 Tex. 375 (1857). Where the obligation of indemnity is against damages or injury, the right to indemnification arises when the indemnitee suffers actual loss by being compelled to pay. *Russell v. Lemons*, Supra; *Texas Auto Services, Inc. v. Kemp*, 478 S.W.2d 646 (Tex.Civ.App.—Austin 1972, no writ); *Bernard v. L. S. S. Corporation*, 532 S.W.2d 409 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.).

■ The letters of July 23, 1975 to the cities of Corpus Christi and Kingsville relied upon by appellant as proof that the liability had become fixed and certain were only acknowledgments of an indebtedness as to those specific accounts set forth therein. The letters to the Brownsville I.S.D. on July 23 and 25, 1975 only authorized payment of the remaining balance due under the con-

tract to appellee. None of the letters were signed by any representative of the cities or school district involved. They did not contain any acknowledgment by the cities or school district that the amount set forth in the letters was the total amount due and owing under the performance bonds. None of the letters constituted a release by the cities or school district of all liability under the performance bonds, so as to make the liability of appellee fixed and certain. A rendition of judgment or its equivalent is necessary before liability becomes fixed and certain. *Hudson v. Hinton*, 435 S.W.2d 211 (Tex.Civ.App.—Dallas 1968, no writ); *Pate v. Tellepsen Construction Company*, 596 S.W.2d 548 (Tex.Civ.App.—Houston [1st Dist.] 1980). Appellee's cause of action, not having accrued until payment on the first bond, was not barred by the four-year statute of limitations. We overrule appellants' first three contentions.

We also overrule appellants' fourth and fifth contentions of no evidence or insufficient evidence to support an awarding of attorneys' fees. The record shows that appellee introduced testimony concerning fair and reasonable attorneys' fees, however, appellants made no objection nor raised any issue in the trial court with respect to the attorneys' fees. Appellants did not except to the claim for attorneys' fees nor did they object to the inclusion of the fee in the judgment. Vernon's Ann. Civ.St. art. 2226 provides that "... the usual and customary fees ... shall be presumed to be reasonable, but such presumption may be rebutted by competent evidence." The record shows no indication of appellants' objections to the attorneys' fees. While formal exceptions are not necessary under Rules of Civil Procedure; Rule 373 requires that the complaining party make known to the trial court its objections and grounds, unless he had no opportunity to object. We find no evidence by appellants to rebut the reasonableness of the fees. Therefore, appellants cannot be heard to complain of reasonable attorneys' fees for the first time on appeal. *Lewis v. Texas Employers' Ins. Ass'n.*, 151 Tex. 95, 246 S.W.2d 599 (Tex.1952); *Whatley v. What-ley*, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ); *Cobb v. Texas Distributors, Inc.*, 524 S.W.2d 342 (Tex.Civ.App.—Dallas 1975, no writ). We overrule appellants' third and fourth contentions.

We have carefully reviewed the pleadings of the appellee, all of the appellants' points of error and the evidence introduced at trial. We hold that the judgment of the trial court should be affirmed.