116 So.2d 924

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, Inc.**

v.

**Ralph L. DALRYMPLE.**

**8 Div. 990.**

Supreme Court of Alabama.

Dec. 17, 1959.

Lusk & Lusk, Guntersville, for appellant.

Clark E. Johnson, Jr., Albertville, for appellee.

STAKELY, Justice.

This is an action by the insured, Ralph L. Dalrymple (appellee), against the insurer, Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. (appellant), when the verdict of the jury exceeded the policy limits and when it is claimed the insurer had an opportunity to settle within the policy limits prior to the verdict. This case has been before this court on a previous occasion. Dalrymple v. Alabama Farm Bureau Mut. Ins. Co., Inc., 267 Ala. 416, 103 So.2d 711.

In due course the defendant filed its pleas and the case was tried with the result that there was verdict and judgment for the plaintiff in the amount of $6,000. There was a motion for new trial which was overruled, the court, however, requiring the reduction of the judgment to $5,600 to which the plaintiff agreed.

The case was tried on two counts. Count 1–A charged a negligent failure or refusal to settle the suit resulting in a judgment in favor of Joseph H. Croft for $10,000 and Count 1–C charging that the defendant in bad faith failed or refused to settle the suit which resulted in a judgment in favor of

Joseph H. Croft in the amount of $10,000. We have held both such counts good. Waters v. American Cas. Co. of Reading, Pa., 261 Ala. 252, 73 So.2d 524.

The defendant filed its pleas of (1) the general issue and (2) "that plaintiff has not paid said Joseph H. Croft said excess of $5,000.00 in said judgment." A demurrer to plea 2 was sustained. There was a motion for new trial which was overruled and some of the grounds assigned in the motion was the refusal of the court to give certain written charges requested by the defendant to the effect in substance that the plaintiff had not paid Joseph H. Croft the excess of $5,000 in the judgment.

On April 9, 1955, Ralph L. Dalrymple was insured by Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., under its policy No. A-25560 to the extent of $5,000 for legal liability accidentally sustained by any person arising out of plaintiff's use of his automobile. On that date the plaintiff, Ralph L. Dalrymple, while driving on the Albertville-Boaz Highway overtook a car driven by Joseph H. Croft and was about to pass it when he perceived either an approaching car or a yellow line and resumed his place behind the Croft car but due to a fault in his brakes could not check his speed in time and hit the Croft car in the rear. We shall refer later to further tendencies of the evidence.

The case of Joseph H. Croft against Ralph L. Dalrymple, which the appellant here undertook to defend, resulted in a judgment for $10,000. Five Thousand Dollars of this judgment with interest and costs was paid by the Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., on January 23, 1957. It was stipulated that Joseph H. Croft had tried to collect the balance of the judgment but had not succeeded in collecting anything.

I. There are a number of propositions on which the appellant bases its right to a reversal. It is insisted that there can be no recovery for an excess judgment in cases of this kind prior to the actual payment thereof. So far as we can ascertain this is the first time this question has been before this court. There appear to be a number of cases which present this question in other jurisdictions. There are some cases which hold that in order to warrant a recovery the plaintiff must prove either that he has paid the excess or at least that his financial status is such that it is sure to be collected. The theory of these cases seems to be that unless such proof is made there is no proof of pecuniary loss and, therefore, there can be no recovery. We refer in this connection to State Automobile Mutual Ins. Co., etc. v. York, 4 Cir., 104 F.2d 730; Duncan v. Lumbermen's Mutual Casualty Co., 91 N.H. 349, 23 A.2d 325; Dumas v. Hartford Accident & Indemnity Co., 92 N.H. 140, 26 A.2d 361.

In other jurisdictions it is held that such proof is not necessary and we are of the opinion that these latter cases take the sounder view. In Southern Fire & Casualty Co. v. Norris, 35 Tenn.App. 657, 250 S.W.2d 785, it was held in substance that while logical in the abstract, a contrary view only serves as a windfall to an insurer fortunate enough to have an insolvent as its insured. In other words, the insurer is in the position of having been derelict in the performance of its duty under a policy for which it accepted a premium paid by the insured in good faith and if the insured had not felt the need of the protection offered by the policy and the services of the company in handling claims against him, it is to be assumed that he would not have taken the policy. The claim which is an adjudged liability can be escaped only by bankruptcy (See 8 C.J.S. Bankruptcy § 562, p. 1502, also 8 C.J.S. Bankruptcy § 574, p. 1526), or by payment. If the policyholder chooses the former course his credit is impaired. If he does not, the outstanding judgment against him is likely to prove too difficult to discharge.

Furthermore if prepayment is required in cases of this kind the company is likely to be less responsive to its trust where the insured is insolvent than in cases where the

insured is able to discharge any judgment in excess of the policy limits which may be rendered against him. In support of its views the Tennessee Court has cited certain Wisconsin and Texas cases and other authorities. See Schwartz v. Norwich Union Indemnity Co., 212 Wis. 593, 250 N.W. 446; Universal Automobile Ins. Co. v. Culberson, Tex.Civ.App., 54 S.W.2d 1061.

As stated, we think the position taken by the Tennessee Court and the other courts taking a view similar to the Tennessee Court represent the sounder view. Accordingly we hold that in the instant case the plaintiff in order to recover was not required to prove that he had paid the excess of the judgment rendered against him.

■ II. It is next insisted that the appellant was entitled to the general affirmative charge for the reasons: (1) The evidence fails to show an opportunity to settle. (2) The allegations of the complaint are not susceptible to proof and are contrary to the instruction of the court because of the word "would". We find no merit in these contentions.

We have carefully examined the testimony in the record but see no reason to set it out here in detail. We think there were tendencies of the evidence which showed that prior to the trial of the suit brought by Joseph H. Croft against the plaintiff in this suit, the insurance company (appellant here), had an opportunity to settle the law suit for $5,000, which was within the limits of the policy. Furthermore the insurance company never offered more than $3,750 to settle the case. Certainly a jury question was presented in this aspect of the case and the jury found in favor of the plaintiff.

In addition tendencies of the evidence showed that the insurance company was aware of the nature and extent of the injuries suffered by Joseph H. Croft. The company knew that Joseph H. Croft had been confined to his home or bed from the time of the accident until the trial, a matter of about fifteen months, and that the company had received complete medical information from the doctors of James H. Croft concerning his injuries. Tendencies of the evidence showed that Joseph H. Croft was an able bodied man, earning $95 to $100 per week prior to the accident and that he had not been able to work since the accident and that he suffered from a sprained back and a sprained thumb which caused a great deal of pain and suffering.

■ III. It is insisted that the use of the word "would" in the complaint and in the instructions of the court results in reversible error. Webster's Dictionary and Black's Law Dictionary, 4th Ed. p. 1782, define the word "would" as "a word sometimes expressing what might be expected." Vol. 45 Words and Phrases pp. 546–547. The meaning of this word so far as the complaint is concerned was not tested by demurrer. The strict rule to be indulged against a pleader on demurrer is not applicable when the sufficiency of the complaint is questioned by a general attack on the judgment. In the latter instance all doubts and intendments should be resolved in favor of rather than against the sufficiency of the complaint. Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 So. 98.

■ It is argued that the use of the word "would" in the oral charge of the court was not followed by the jury in rendering its verdict and that accordingly the verdict should be set aside on the motion for a new trial. There was no exception to the oral charge on the point here made. The actual words spoken by the court to the jury were, for example, "that the defendant knew or should have known that Joseph H. Croft would recover a large judgment against the plaintiff in excess of their limits of liability." The use of the word "would" in the court's oral charge should be considered in its context. It is argued that there is no evidence to support the use of the word "would" in the court's oral charge to the jury. We do not agree. There is no material distinction between the meaning of the word "would" and "might" or "could" as used in the court's oral charge. Taylor v. Metropolitan St. Ry. Co., 256 Mo. 191, 165

S.W. 327. We find no reversible error here. Authorities supra.

IV. Finally it is contended that the court was in error in overruling the motion for a new trial. In addition to what has been heretofore said in this opinion, the argument is made that the jury returned a verdict after only short deliberation which indicates that the verdict was the result of passion, partiality or corruption on the part of the jury. We are not willing to reach such a conclusion especially in the face of the refusal of the trial court to do so after he heard the evidence and saw the witnesses. Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574.

We have concluded that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.