SWEETEN, ADM'R., ESTATE OF THOMAS LARSON, DEC'D. *v.* NATIONAL MUTUAL INSURANCE COMPANY OF D. C.

[No. 89, September Term, 1963.]

*Decided November 13, 1963.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Robert J. Gerstung* for appellant.

*John H. Mudd,* with whom were *Semmes, Bowen & Semmes* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment entered for the defendant after the trial court had sustained a demurrer to a second amended declaration. The declaration alleged that Thomas Larson had been sued by one Shanley for injuries sustained in an automobile accident; that in accordance with the terms of an automobile liability policy, written by the appellee covering Larson, the appellee undertook the exclusive defense of the action; that it had repeated opportunities to settle the case for a sum within the limits of the policy but negligently failed to do so; that Larson died before the case came to trial and his administrator was substituted as defendant; that the trial resulted in a judgment for Shanley against the administrator in the sum of $19,000, $9,000 in excess of the policy limit; that as a result of the appellee's negligence the administrator "was injured and damaged in that this Estate is indebted and liable to Shanley in the amount of $9,000, Defendant having paid Shanley its maximum policy limit of $10,000." A second count set out the same facts but relied upon allegations that the failure to settle was in bad faith rather than negligent.

The demurrer to each count was sustained on the ground that the declaration did not allege that the administrator ever paid, was able to pay, or was ever requested to pay, any part of the judgment, and that in the absence of any allegation of pecuniary damage, the declaration did not state a cause of action. At the outset it would appear that a general allegation of injury and damage might suffice. Cf. *Mason v. Wrightson,* 205 Md. 481, 488. But since no point is raised as to the technicalities

of the pleading, and it appears to be conceded that the decedent's estate has no assets, and is presently unable to pay, and has no prospect of paying any part of the judgment, we are disposed to treat the case as though these facts had been developed upon motion for summary judgment.

The appellee appears to concede that the declaration sufficiently alleges a duty to settle on the part of the insurer, and a breach of that duty, both on the theory of negligence and on the theory of bad faith. We are referred to no Maryland case on the subject nor have we found one. The prevailing view appears to be that recovery should be rested on the theory of bad faith, because the insurer has the exclusive control, under the standard policy, of investigation, settlement and defense of any claim or suit against the insured, and there is a potential, if not actual, conflict of interest giving rise to a fiduciary duty. See *Brown v. Guarantee Insurance Company,* 319 P. 2d 69 (Cal.), and a note on the case in 72 Harv. L. Rev. 568; *Murray v. Mossman,* 355 P. 2d 985 (Wash.) ; *Francis v. Newton,* 43 S. E. 2d 282 (Ga.) ; and cases collected in 40 A.L.R. 2d 168. See also the notes in 16 Okla. L. Rev. 110; 24 Ohio State L. J. 393; 15 Ark. L. Rev. 401; [1958] Ins. L.J. 404; Keeton, *Liability Insurance & Responsibilities for Settlement,* 67 Harv. L. Rev. 1136. All authorities seem to agree that the liability is in tort, not in contract, although arising out of a contractual undertaking. But many courts hold that the obligation is not merely to exercise good faith but to use due care. Professor Keeton seems to think that there is no practical difference in the results, since on either theory the question is one for the jury. Many courts allow recovery on both theories, and some courts that restrict recovery to bad faith permit evidence of negligence in the proof. In view of the appellee's concession, we see no reason to choose between the two theories in the case at bar.

The appellee rests its case here on the proposition that there is no showing of damage, so long as the excess judgment is unpaid. It relies primarily upon a statement in *Richardson v. Boato,* 207 Md. 301, 304, commenting upon the historical development of the various tort actions, that "[i]n the invasions of persons or property for which trespass was the remedy, in-

jury was presumed from the violation of the absolute legal right. In the deceit and negligence cases, actual injury had to be shown to make an actionable wrong." It is clear, however, that injury in a negligence case may consist of elements, such as pain and suffering, not susceptible of precise admeasurement, and damage claimed need not be for a liquidated amount. The holding of the case was simply that to establish injury or harm a causal connection between the negligence and the claimed harm must be shown. The question in the case at bar is whether the existence of an unpaid judgment will suffice to show injury and damage in the legal sense. On that point, the *Boato* case throws no light. The other Maryland case relied on, *U. S. Fid. Co. v. Williams*, 148 Md. 289, holds that recovery on a policy indemnifying an insured against loss did not create a liability under the policy until the judgment against the insured was paid. As construed, the policy did not insure against liability. We think the case is not in point.

The appellee also relies upon a statement by Chief Judge Parker in *State Automobile Ins. Co. v. York*, 104 F. 2d 730, 734 (C.A. 4th), *cert. den.* 308 U. S. 591, that the insured was not damaged by the company's refusal to settle "as he had not paid the judgment against him and testified that he never expected to pay it." The appellee says that this was an alternate ground of decision, but even if it were, it was in effect disapproved and overruled by the later decision in *Lee v. Nationwide Mutual Insurance Company*, 286 F. 2d 295 (C.A.4th). Certainly the trend of all the recent decisions is towards the view that payment is not a prerequisite to recovery in this type of situation. See *Alabama Farm Bureau Mutual Cas. Ins. Co. v. Dalrymple*, 116 So. 2d 924 (Ala.) ; *Brown v. Guarantee Insurance Company, supra; American Fire and Casualty Company v. Davis*, 146 So. 2d 615 (Fla. Dist. Ct. App., 1st Dist.), *Murray v. Mossman, supra; Henke v. Iowa Home Mutual Casualty Company*, 97 N. W. 2d 168 (Iowa) ; *Farmers Insurance Exchange v. Henderson*, 313 P. 2d 404 (Ariz.) ; *Southern Fire & Casualty Co. v. Norris*, 250 S. W. 2d 785 (Tenn. App. *cert. den.* by Tenn. Sup. Ct.) ; *Schwartz v. Norwich Union Indemnity Co.*, 250 N. W. 446 (Wisc.) ; *Wessing v. American Indemnity Co. of Galveston, Tex.*, 127 F. Supp. 775 (D.C. W.D.

Mo.) ; *Jessen v. O'Daniel,* 210 F. Supp. 317 (D. C. Mont.). The appellee places great reliance upon *Harris v. Standard Accident and Insurance Company,* 297 F. 2d 627 (C.A. 2d), *cert. den.* 369 U. S. 843, a 2-1 decision. That case, however, has been severely criticized. See 41 Tex. L. Rev. 595, and 60 Mich. L. Rev. 517. It should also be noted that the case turned on the solvency of the insured at the time of the rendition of the judgment. A contrary result was reached in *Smoot v. State Farm Mutual Automobile Insurance Co.,* 299 F. 2d 525 (C.A. 5th). These bankruptcy cases involve difficulties not present in the case at bar. Cf. Code (1957), Art. 48 A, sec. 83.

The appellee also relies upon the case of *Dumas v. Hartford Accident & Indemnity Co.,* 26 A. 2d 361 (N. H.), holding that the essence of the legal injury is pecuniary loss to the plaintiff. We do not agree. Before payment the mere existence of an unsatisfied judgment may cause legal injury by loss or impairment of credit, and inability to obtain or retain an automobile operator's license, except under certain statutory penalties or conditions. We are constrained to follow what we think is the great weight of authority at this time, in a question not previously decided in this State. We think the demurrer should have been overruled.

> *Judgment reversed and case remanded for further proceedings, costs to be paid by the appellee.*