JOHN HENEGAN et al., Appellants, v. MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.

First Department, November 7, 1968.

*Herbert Nason* of counsel (*Nason & Cohen,* attorneys), for appellants.

*Robert Hill Nix* (*Paul A. Crouch* with him on the brief), for respondent.

TILZER, J. The issue posed by the present appeal is whether an action may be maintained against an insurance company for its bad faith and/or fraud in failing to settle a negligence case in the absence of a showing that the plaintiff insured has paid the excess judgment recovered against him. The court below answered this question in the negative and accordingly dismissed the complaint at the close of plaintiffs' case on the sole ground of a failure of proof of loss.

This question has not been passed on by the courts of this State, although some 40 years ago the Court of Appeals ruled that an insurance company "in the handling of the litigation or in failing to settle is liable for its fraud or bad faith" (*Best Bldg. Co. v. Employers' Liab. Assur. Corp.,* 247 N. Y. 451, 453). Our review is thus limited to the issue of damages, to whether plaintiffs made out a prima facie case in this regard, and we do not consider whether in the handling of the litigation or in failing to settle the insurance company was guilty of fraud or bad faith.

We join with the majority of jurisdictions in this country in concluding that an insured is damaged, that he has suffered a loss or injury, upon entry of the excess final judgment in the damage suit case. Reason as well as economic fact dictates that the mere existence of an excess final judgment causes harm to the judgment debtor. The judgment increases his debts, it damages his credit, it subjects his property to the lien of the ubiquitous judgment. An insurer which has been guilty of bad faith, one which has deliberately shackled its insured with the crippling jeopardy of a large excess judgment, may not insist that the insured must sacrifice his assets and pay the judgment before suit. The very nature of the risk insured against prohibits the imposition of such prerequisite. (*Alabama Farm Bur. Mut. Cas. Ins. Co. v. Dalrymple,* 270 Ala. 119 [1959]; *Farmers Ins. Exch. v. Henderson,* 82 Ariz. 335 [1957]; *Southern Farm Bur. Cas. Ins. Co. v. Mitchell,* 312 F. 2d 485 [C.A. 8th, 1963]; *Brown v. Guarantee Ins. Co.,* 155 Cal. App. 2d 679 [1957]; *Burton v. State Farm Mut. Auto. Ins. Co.,* 335 F. 2d 317 [C. A. 5th, 1964]; *Smoot v. State Farm Mut. Auto. Ins. Co.,* 299 F. 2d 525 [C.A. 5th, 1962]; *Henke v. Iowa Home Mut. Cas. Co.,* 250

Iowa 1123 [1959]; *Sweeten* v. *National Mut. Ins. Co. of D. C.*, 233 Md. 52 [1963]; *Wessing* v. *American Ind. Co. of Galveston, Tex.*, 127 F. Supp. 775 [U. S. Dist. Ct. W. D. Mo., 1955]; *Jessen* v. *O'Daniel*, 210 F. Supp. 317 [Mont., 1962]; *Gray* v. *Nationwide Mut. Ins. Co.*, 422 Pa. 500 [1966]; *Southern Fire & Cas. Co.* v. *Norris*, 35 Tenn. App. 657 [1952]; *Seguros Tepeyac, S. A., Compania Mexicana* v. *Bostrom*, 347 F. 2d 168 [C.A. 5th, 1965]; *Murray* v. *Mossman*, 56 Wn. 2d 909 [1960]; *Schwartz* v. *Norwich Union Ind. Co.*, 212 Wis. 593 [1933].) The Supreme Court of Pennsylvania in *Gray* v. *Nationwide Mut. Ins. Co.*, (*supra*, p. 506), noting that there was no Pennsylvania decision directly in point, concluded that " Three very sound reasons " justified the adoption of the view that payment of the excess judgment was not a prerequisite to a cause of action against the insurer: " (1) such view prevents an insurer from benefiting from the impecuniousness of an insured who has a meritorious claim but cannot first pay the judgment imposed upon him; (2) such view negates the possibility that the insurer would be ' * * * less responsive to its trust duties where the insured is impecunious than where the insured is able to pay the excess judgment. Were payment the rule, an insurer with an insolvent insured could unreasonably refuse to settle, for, at worst, it would only be liable for the amount specified by the policy. To permit this would be to impair the usefulness of insurance for the poor man.' Note, 27 U. Pitt. L. Rev. 726, 728 (1966); (3) such view recognizes that the fact of entry of the judgment itself against the insured constitutes a real damage to him because of the potential harm to his credit rating ".

We note that although the $10,000 policy limit has been paid to the claimants for the wrongful death of their intestate, enforcement of the excess judgment against the plaintiffs has been deferred pending determination of this action. To hold that prior payment must be shown before action by the insured, would permit the insurer to take advantage of the financial status of its insured and deprive the ultimate beneficiary claimant of his judgment. Such a holding would be contrary to the purpose and spirit of our law (*Harris* v. *Standard Acc. & Ins. Co.*, 297 F. 2d 627 [C.A. 2d, 1961], J. JOSEPH SMITH, J., dissenting, pp. 637-638, cert. den. 369 U. S. 843; Insurance Law, § 167). We must add that the trial court's reliance upon *Harris* v. *Standard Acc. & Ins. Co.* (*supra*) was misplaced. The majority opinion in *Harris* stated that it was *not* its holding that damage can never arise merely on rendition of the judgment (p. 633). *Harris* does stand for the proposition that an insured is not damaged by an excess judgment where he was insolvent

before the rendition of the judgment and, furthermore, was discharged in bankruptcy from paying the judgment.

Finally, we observe that while the cause of action with which we are concerned is one for excess liability as distinguished from one for an amount within the policy limits, we view each as sounding in contract and complete the moment judgment was entered. As to the latter, under the plaintiffs' liability policy the insurer expressly bound itself '' To pay on behalf of the assured all sums which the assured becomes legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom.'' As to the former, the instant action for breach of the implied covenant of good faith in the handling of the litigation and in the settlement of the action, damage and loss was sustained and the cause of action accrued upon entry of the excess judgment against plaintiffs. Actual payment of the excess of the judgment rendered against the insured is not a condition precedent to suit.

The judgment dismissing the complaint for failure of proof of loss should be reversed, on the law, and a new trial ordered, with $50 costs and disbursements to abide the event.

BOTEIN, P. J., STEVENS, EAGER and McGIVERN, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial ordered, with $50 costs and disbursements to abide the event.