**Jesus R. HERNANDEZ, Petitioner,**

v.

**GREAT AMERICAN INSURANCE COM-PANY OF NEW YORK et al., Respondents.**

**No. B–2343.**

Supreme Court of Texas.

Feb. 24, 1971.

**92**

McCullough, Murray & McCullough, Carter, Stiernberg, Skaggs & Koppel, Jack Skaggs, Adams, Graham, Lewis, Jenkins and Briscoe, Gordon L. Briscoe, Harlingen, for petitioner.

Cox, Wilson, Duncan & Black, Bascom Cox and John William Black, Brownsville, for respondents.

REAVLEY, Justice.

The question here is the time of the accrual of a Stowers type cause of action. We recognize that the Texas law to date has required the insured to pay some portion of the judgment against him before bringing suit for reimbursement from the insurer. Our reconsideration brings us to eliminate the requirement of prepayment and to allow the suit from the time liability is fixed by final judgment.

In 1958 one A. T. Baucum was injured in an automobile accident. He sued Jesus R. Hernandez, the employer of the driver of the other vehicle, for damages alleged to total $155,000. Hernandez was insured and defended in that suit by Great American Insurance Company of New York, Great American Indemnity Company, and Massachusetts Fire and Marine Insurance Company, under one policy (and we will refer to the insurer as Great American). Baucum won a judgment against Hernandez in the amount of $81,686 in 1961, 344 S.W.2d 498.

Great American paid the full amount of its policy limit, $25,000, which left Hernan-dez owing $56,636 on the Baucum judgment. Nothing further was paid until 1967, when Baucum obtained a writ of execution, and land belonging to Hernandez was sold thereunder for $10,500.

This suit was filed by Hernandez against Great American in 1968. He alleged that Great American, in defending him in the former suit, had negligently rejected several reasonable settlement offers which were within its policy limits. He alleged an actionable tort under the authority of Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 545 (Tex.Comm.App.1929). Hernandez sought relief in two respects. First, he sued to recover the $10,500 which he was forced to pay upon the judgment in 1967. Secondly, Hernandez sought a declaratory judgment declaring that all future payments on the judgment shall be immediately reimbursable by Great American upon being presented with a duly executed receipt from Baucum.

The trial court sustained Great American's plea of limitations and dismissed Hernandez' suit. The court of civil appeals affirmed, holding that any cause of action had accrued at the time of the former judgment in 1961 and had therefore been barred by the two year statute of limitations prior to the filing of this suit in 1968. 456 S.W.2d 729.

## THE SUIT TO RECOVER $10,500

The lower courts are in error in holding that Hernandez could have sued Great American for the $56,636 at any time after the date of the judgment in 1961. Under the law as declared by this court in Universal Automobile Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727 (1935), no cause of action arose until 1967 when the first payment was made by Hernandez. The insurer's contention then that Culberson could not maintain a suit against it, until and unless he paid the judgment rendered against him in favor of the holder of the first judgment, was overruled by the court of civil appeals (54 S.W.2d 1061)

but sustained by this court. In the opinion cited and on rehearing (87 S.W.2d 475) it was made very clear that the insured could not assert a Stowers type cause of action against the insurer until the insured had paid some sum on the former judgment "and then only to the extent of his payment." (86 S.W.2d 731).

In 1953 this court had before it the case of Linkenhoger v. American Fidelity and Casualty Co., 152 Tex. 534, 260 S.W.2d 884. The question there was whether the two year statute of limitations began to run on the date of the negligence of the insurer or at a time as late as the final judgment in the first suit. Linkenhoger paid the judgment and brought his suit against the insurer within two years after the final judgment but more than two years after the negligent failure to settle. The court of civil appeals rendered judgment for the insurer on the ground that the suit was barred by limitations (257 S. W.2d 718) but this court held that Linkenhoger was entitled to his judgment because limitations had not begun to run "in any event" until the judgment in the first case became final. The Culberson case was cited as authority for the proposition that the insured "could maintain no action against the insurer until he had paid some portion thereof" without a word of criticism or limitation of that holding.

The Court of Appeals for the Fifth Circuit has discussed the Texas law on this point at some length, and it correctly concluded that as of the time of the writings Texas was firmly in the prepayment camp. Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Jernigan, 410 F.2d 718 (1969); Seguros Tepeyac, S.A., Compania Mexicana de Sequros Generales v. Bostrom, 347 F.2d 168, 176 (5th Cir. 1965).

Since no suit could have been brought by Hernandez prior to the payment on the judgment in 1967, the statute of limitations could not now be held to have started to run until that date, and the present suit was not barred at the time it was filed.

## THE SUIT AS TO THE UNPAID PORTION OF THE FORMER JUDGMENT

Since the case is being remanded to the trial court and the plaintiff Hernandez is seeking a declaratory judgment with respect to the liability of Great American on that portion of the judgment against Hernandez which has not been paid, we think it proper to consider whether the prepayment rule prohibits that relief. Since we consider the tort complete when liability is fixed and find no justification for continuing the loss indemnity limitation on suits under Stowers, the holding of Universal Automobile Ins. Co. v. Culberson, supra, is overruled. We need make no decision as to whether a declaratory judgment would be available to Hernandez if other relief were unavailable.

The particular terms of the insurance policy which Universal Automobile Ins. Co. issued to Culberson were held by the court to create an indemnity rather than a liability contract. 86 S.W.2d 730. It followed that as to the amount of the Witt judgment within the policy limits, the insured Culberson could not sue Universal *on the policy* without first paying the Witt judgment. This may bear on the explanation of why the court applied the same prepayment rule when it came to the tort liability of Universal to Culberson.

The traditional rule of strict indemnity requires the indemnitor to reimburse only actual loss and not to discharge the liability of the indemnitee. 41 Am. Jur.2d Indemnity §§ 28 et seq. Chief Justice Hemphill criticized this rule in 1857 in Pope v. Hays, 19 Tex. 375, but it is a firmly established part of the law of indemnity contracts. It is consistent with the favoritism of the law for guarantors and indemnitors. McKnight v. Virginia Mirror Co., 463 S.W.2d 428 (Tex.1971). It has been said to follow the maxim: "As a man binds himself, so shall he be bound;" and thus one who agrees to indemnify against loss should not be required to pay more

than what is actually lost. Russell v. Lemons, 205 S.W.2d 629, 631 (Tex.Civ.App. 1947, writ ref'd, n. r. e.).

This strict indemnity limitation is inconsistent with the law of tort liability where the injured party is entitled to recover, as nearly as possible, compensation for the damages he suffers. This includes his expenses, past and future, paid or unpaid, to which he has been or will be put as a consequence of the tort. He need not prove payment of his medical bills, for example, to include them within his damages for which the tortfeasor is liable.

■ A tortfeasor is given more relief against his joint tortfeasor than the damaged insured is given against his tortfeasor under the Culberson rule. One tortfeasor may sue the other for indemnity or contribution so as to obtain a determination of liability and a judgment over against the other for all or a portion of what the first one is forced to pay. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951); Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944); Dallas Ry. & Terminal Co. v. Harmon, 200 S.W. 2d 854 (Tex.Civ.App.1947, writ ref'd); Lottman v. Cuilla, 288 S.W. 123 (Tex. Com.App.1926); Barton v. Farmers' State Bank, 276 S.W. 177 (Tex.Com.App.1925).

In the case of Atkins v. Crosland, 417 S.W.2d 150 (Tex.1967), the plaintiff sued an accountant alleging negligence in the preparation of plaintiff's income tax returns which resulted in a larger tax liability. The trial court granted a summary judgment for the defendant accountant on the ground that the acts of negligence occurred more than two years prior to commencement of the suit. In this court the plaintiff contended that limitations did not begin to run until he paid the excess taxes; in the alternative he argued that limitations began at the time the excess tax was assessed against plaintiff by the Commissioner of Internal Revenue. This court agreed with the plaintiff that the tort was completed, the cause of action accrued, and limitations began to run when the tax deficiency was assessed. The payment of the taxes was not discussed.

There should be no difference between the rule as to recoverable damages for Atkins and for Hernandez. They both alleged tort actions grounded on negligence. In the present suit, the insurance policy is relevant only in that it is the source of Great American's duty to use care in the defense of Hernandez against any judgment for any amount. As to Baucum, Hernandez was a tortfeasor. In the present suit Hernandez is not a tortfeasor; he contends that he has suffered a judgment in the amount of $56,636 because of the negligence of Great American. The judgment injures Hernandez while it remains unpaid. His credit is affected. A lien attaches to his land. His non-exempt property is constantly subject to sudden execution and forced sale. He is entitled to relief from the harm if it is the fault of the tortfeasor.

It is suggested that we should avoid a rule that permits the insured to collect his judgment against the insurer without then paying the injured person. We assume that the holder of the former judgment would ordinarily be a party in the second suit or move to protect his interests prior to payment of the second judgment to the insured. If the judgment rule permits the possibility of the injured person not receiving full payment of the first judgment, so does the prepayment rule. The possibility of windfall to the insured under the judgment rule should be weighed alongside the windfall to the insurer under the prepayment rule. If the insured is too poor to pay the first judgment, it is the insurer responsible for the judgment who escapes with what he should pay. Furthermore, the Stowers action lies to repair the harm to the insured. The tort of the insurer in mismanaging the defense of the insured in the first case is harmful to the insured alone. The holder of the former judgment benefitted from the tort to the extent of the harm to the insured.

When we decide the time the cause of action accrues, we also decide the period of limitations. Assuming no concealment of the act of negligence and no tolling of the statute, limitations will bar the suit two years after the excess judgment becomes final. The insured who knows of the rejected offer, for example, but who relies on the attorney retained by the insurer, may let two years go by before he hears of what we call the Stowers rule. This is a possibility, although the word ordinarily reaches the insured from the holder of the excess judgment. In any event, it is preferable to put a limit on the time within which an action for tort may be commenced. Under the prepayment rule, so long as the insured avoids execution on the former judgment, he controls the time of his Stowers suit. If it serves him to await the absence of a particular witness, he simply delays making a payment until he has his advantage. Again, we think the consequences of the judgment rule to be preferable.

Virtually everything that has been written on this subject in the past fifteen years has favored the judgment rule over the prepayment rule. E.g., Ammerman v. Farmer's Insurance Exchange, 22 Utah 2d 187, 450 P.2d 460 (1969); Henegan v. Merchants Mutual Insurance Co., 31 A.D. 2d 12, 294 N.Y.S.2d 547 (1968); Gray v. Nationwide Mutual Ins. Co., 422 Pa. 500, 223 A.2d 8 (1966); Southern Farm Bureau Casualty Insurance Company v. Mitchell, 312 F.2d 485 (8th Cir. 1963); Sweeten v. National Mutual Insurance Company of D.C., 233 Md. 52, 194 A.2d 817 (1963); Alabama Farm Bureau Mutual Casualty Insurance Company v. Dalrymple, 270 Ala. 119, 116 So.2d 924 (1959); Comment, Prepayment and Assignment Under the Texas Stowers Doctrine, 2 Texas Tech.L.Rev. 69 (1970); Howell, Stowers Doctrine in Texas, 32 Tex.B.J. 376 (1969).

We hold that Hernandez is entitled to sue for relief as to the unpaid portion of the former judgment as well as for the $10,500 which has been paid. It also follows that the right of action for the unpaid judgment debt of one in the position of Hernandez now exists, and limitations commences to run on the date of the delivery of this opinion. Any cause of action by one so situated arising in the future will have limitations commence with the date of the final judgment against the insured.

The judgment of the lower courts is reversed and the case is remanded to the trial court.