**Sidney H. DICKSON, et al.**

v.

**SELECTED RISKS INSURANCE COMPANY.**

**Civ. No. JFM-86-3733.**

United States District Court, D. Maryland.

May 28, 1987.

Bruce Hanley, Ridgely, Hanley & Winter, Towson, Md., for plaintiffs.

Kathleen S. Downs, Piper & Marbury, Baltimore, Md., for defendant.

### MEMORANDUM

MOTZ, District Judge.

This action arises out of defendant's alleged failure to provide coverage to plaintiffs under an excess liability insurance policy. Plaintiffs have asserted claims for breach of contract, negligence, gross negligence, "bad faith" and intentional infliction of emotional distress. Defendant has

moved to dismiss all of the claims. The motion will be granted except as to the claim for breach of contract.

■ It is well established under Maryland law that "the mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *Heckrotte v. Riddle*, 224 Md. 591, 595, 168 A.2d 879, 882 (1961). Thus, plaintiffs' claims for negligence and gross negligence fail unless the law imposes upon defendant a duty independent of that created by the insurance policy between the parties.

Plaintiffs assert that such a duty is created by *State Farm Mutual Automobile Insurance Company v. White*, 248 Md. 324, 236 A.2d 269 (1967) and its precursor, *Sweeten v. National Mutual Insurance Company of D.C.*, 233 Md. 52, 194 A.2d 817 (1963). Plaintiffs also rely upon these cases to support their claim for "bad faith." The cases are distinguishable from the present one, however. They involve claims for wrongful failure to settle within policy limits; claims which are *sui generis* because they arise from the potential conflicting interests which exist between the insurer and the insured during the course of settlement negotiations. No such conflicting interests are present where an insurer refuses to defend a claim from the outset. Any wrong committed by the insurer in that situation stems from its breach of contract and is fully remedial by a contract action. *Cf. Caruso v. Republic Insurance Co.*, 558 F.Supp. 430, 435 (D.Md. 1983).

■ Plaintiffs' claim for intentional infliction of emotional distress is frivolous. That tort is a relatively recent creation of the common law intended to fill a void left by traditional causes of action where substantial emotional injury is caused by outrageous conduct in the absence of physical harm or physical touching. *See Harris v. Jones*, 281 Md. 560, 380 A.2d 611 (1977). This interstice is narrow but the language used by the Courts to cover it is necessarily broad. Thus, in order to prevent litigation abuse, the trial courts necessarily play a vital role in making a threshold determination of whether a valid claim has been stated. *Borowski v. Vitro Corp.*, 634 F.Supp. 252, 258 (D.Md.1986); *Hamilton v. Ford Motor Credit Co.*, 66 Md.App. 46, 502 A.2d 1057 (1986); *cf. Caruso v. Republic Insurance Co., supra.* Here, the conduct complained of does not approach the level of outrageousness necessary to sustain an intentional infliction of emotional distress claim. *See generally Hamilton v. Ford Motor Credit Co., supra; Pemberton v. Bethlehem Steel Corp.*, 66 Md.App. 133, 502 A.2d 1101, *cert. denied*, 306 Md. 289, 508 A.2d 488 (1986); *Leese v. Baltimore County*, 64 Md.App. 442, 497 A.2d 159, *cert. denied*, 305 Md. 106, 501 A.2d 845 (1985); *Dick v. Mercantile-Safe Deposit and Trust Co.*, 63 Md.App. 270, 492 A.2d 674 (1985).

■ Defendant's challenge to the breach of contract claim is that it is evident from defendant's letter denying coverage (which is attached as an exhibit to the Complaint) that plaintiffs gave defendant notice of the underlying claims asserted against them pursuant to the wrong insurance policy. Plaintiffs allege in their Complaint, however, that they did give notice of the underlying suits to defendant, and the question of whether that notice was legally sufficient is one whose resolution will require factual development.

A separate order effecting the rulings made in this memorandum are being entered herewith.

## ORDER

For the reasons stated in the memorandum entered herein, it is this 28th day of May 1987

ORDERED

1. Defendant's motion to dismiss Count I is denied; and

2. Defendant's motion to dismiss Counts II, III, IV and V is granted.