Jones v. Timm                                    CV-97-167-JD  07/30/98

UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Douglas C. Jones

        v.                                Civil No. 97-167-JD

Michael L. Timm, et al.


                              O R D E R


        The plaintiff, Douglass Jones, brought this action seeking

declaratory judgment against the defendants, Michael Timm, Robert

McNulty, Doriane Ruml, Winthrop Ruml, Christopher Ruml, and Alden

Ruml.  The court now considers sua sponte the issue of its

subject matter jurisdiction over this case and whether, in its

discretion, it should exercise that jurisdiction.


                            Background[1]

     On March 10, 1989, David Ruml, as settlor, established a trust

in Texas, the corpus of which is currently in excess of

$1,100,000.00.  The trust identifies David Ruml's spouse and

children as the recipients of the trust's funds as necessary for

their health, support, maintenance, or education.  Ruml's spouse

is defendant Doriane Ruml, and his children are defendants

_____

        [1]The facts presented herein represent the court's findings
for the purpose of this order only and have no preclusive effect
on the state court proceedings.

Winthrop Ruml, Christopher Ruml, and Alden Ruml.  The trust is administered by First Manhattan Company.  Defendant Michael Timm was the initial sole trustee of the trust.

After the family moved to Massachusetts, Ruml began divorce proceedings in the Worcester Probate and Family Court in October 1994, thereby submitting himself to the personal jurisdiction of that court.  At this time Timm was still the sole trustee of the trust.

On April 8, 1996, Judge Moynihan of the Worcester Probate and Family Court heard arguments on, among other things, Doriane Ruml's motion to enjoin David Ruml from appointing or removing trustees of the trust.[2]  David Ruml was present for the oral arguments with his attorney.  Judge Moynihan indicated that the court would take the matter under advisement and rule on it immediately.  David Ruml testified that he heard this announcement.  On April 9, 1996, the court granted the injunction and sent a copy of the order to David Ruml's attorney.

Despite understanding that the court was taking the issue under advisement for immediate ruling, on April 8, 1996, David

---

[2]The motion requested the court to "enter an Order directing the plaintiff, David J. Ruml, to refrain from taking any action having the effect of removing or appointing any person as Trustee of the David J. Ruml Family Irrevocable Trust."  See Def. Michael L. Timm's Mot. for Partial Summ. J., Ex. 3.

Ruml phoned two friends, the plaintiff, Douglass Jones, and defendant Robert McNulty, and indicated his intent to appoint them as additional trustees of the trust. On the same day David Ruml drafted letters of appointment. On April 9, 1996, David Ruml left Massachusetts and flew to his home in Arizona with the letters in hand. On April 11, 1996, after purposely avoiding contact with his attorney to avoid notice of the court's ruling, he had the letters notarized and sent them to McNulty and Jones. David Ruml testified that he first received actual knowledge of the order on April 15, 1996.

On September 10, 1996, the probate court issued a Judgment of Contempt holding David Ruml in contempt for appointing the additional trustees and ordering him to revoke the appointments. This decision was appealed by David Ruml in a petition for relief, but the petition was denied. See Ruml v. Ruml, 96-J-716, slip op. at 2, 3 (Mass. App. Ct. Nov. 18, 1996). As of May 20, 1997, David Ruml had not taken any steps to remove the two additional trustees purportedly appointed by his actions. In a May 20, 1997, order, the probate court found:

> 19. The Husband [David Ruml] denies this contempt on the basis of lack of knowledge of the order. He says in substance that the order was dated April 9, 1996, he did not learn of it until April 15, 1996, so no contempt [sic]. Inherent in this position is a denial that he had any obligation to determine what the Court's action was with respect

3

to the matter taken under advisement.

20. The Court rejects the position of the Husband and finds him in contempt.

21. The facts established that the Husband's conduct was a blatant and intentional attempt to disdainfully undermine the orderly administration of justice and "beat the system." His continued failure to remove the trustees as required by the order even subsequent to his knowledge of it further supports that conclusion.

Doriane Ruml v. David Ruml, No. 94DR-2941-DV1, slip op. at 3, 4 (Mass. Prob. & Fam. Ct. Dep't May 20, 1997). Moreover, in an appended section of the order containing conclusions of law, the probate court found:

1. I find and conclude that upon hearing that the matter was under advisement, that the Husband was estopped from acting in any manner inconsistent with the matter considered until the Court acted.

2. I find and conclude that by so acting, the Husband's conduct constitutes a rebuke to the orderly administration of justice.

. . .

5. I find and conclude that the Husband is guilty of contempt of this Court for having willfully failed and refused to obey its order of April 9, 1996, an order of which he knew or should have known.

6. I find and conclude that the specific act of contempt was the appointment of the additional trustees.

7. A Judgment of Contempt should issue ordering the Husband to revoke the appointment of the two additional trustees and assessing costs.

4

Id. In an earlier order dated November 5, 1996, the probate

court had already invoked its equity powers, holding:

> The totality of the facts indicate the conclusion that
> David J. Ruml is intentionally and consciously
> depriving his children of needed support by whatever
> mechanisms are available to him through the Court
> system.
>
> . . .
>
> IT IS SO ORDERED that Michael Timm be deemed the sole
> trustee of the David J. Ruml Family Irrevocable Trust
> for the purpose of release of funds to Dorianne W. Ruml
> for Court ordered weekly child support only and that
> the holder of the corpus of that Trust release funds as
> he indicates consistent with the terms of the Trust.

Ruml v. Ruml, No. 94DR-2941-DV1, slip op. at 1, 2 (Mass. Prob. &

Fam. Ct. Dept Nov. 5, 1996).[3]

On April 1, 1997, Jones brought the present action seeking a

declaratory judgment from this court establishing the following:

(1) Timm is not the sole trustee of the trust; (2) Timm cannot,

without the concurrence of at least one of the other two trustees

of the trust, lawfully order First Manhattan Company to make

distributions from the trust assets; (3) Timm has no right to act

alone or pro se in connection with any litigation affecting the

trust; (4) at such time that Dorianne Ruml ceases to be the

---

[3]This decision was appealed twice by David Ruml in petitions
for relief which asserted, inter alia, that the probate court
lacked jurisdiction to determine trustee status. The petitions
were denied. See, e.g., Ruml v. Ruml, 96-J-856, (Mass. App. Ct.
Dec. 19, 1996) (endorsed order).

spouse of the settlor, David Ruml, the trustees cannot, as a matter of law, make any further distributions to or for her benefit from the assets of the trust; (5) that in regard to the immediately preceding issue the terms of the trust are consistent with the wishes of the settlor at the time the settlor executed the trust; and (6) the scope of the duties and obligations of the trustees and First Manhattan Company relative to the settlor's power of appointment.  See Am. Compl. at 4.

On March 23, 1998, this court issued sua sponte an order requesting that the parties address whether this court has, or should exercise, its subject matter jurisdiction over the declaratory judgment action.  The parties were requested to brief, among other things:  (1) the Rooker-Feldman doctrine; (2) abstention doctrines; and (3) the probate exception to federal court subject matter jurisdiction.  All parties urged the court to assume jurisdiction.

## Discussion

The plaintiff requests relief from this court in the form of a declaratory judgment pursuant to the Declaratory Judgment Act. See 28 U.S.C.A. § 2201 (1994).  "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to

6

declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface." Id. at 286-87. "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Id. at 288. In short, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 287 (citation omitted).

In exercising its discretion to entertain an action seeking declaratory judgment in the context of a pending state proceeding, the district court should consider, inter alia: (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can be adjudicated in the state proceeding; (3) whether necessary parties have been joined; and (4) whether necessary parties are amendable to process in the state proceeding. See Wilton, 515 U.S. at 282-83.

This action in its first instance arises from the Ruml v. Ruml divorce proceedings in the Commonwealth of Massachusetts,

7

Probate and Family Court Department. In contempt of that court, David Ruml allegedly appointed plaintiff Jones a trustee to the Ruml trust. Moreover, David Ruml has refused to comply with the probate court's Judgment of Contempt which ordered him to revoke the plaintiff's appointment. The plaintiff, not a party to the divorce proceedings, has brought this action asking the court, inter alia, to declare that his appointment is valid, and to define the rights and obligations of the trustees. The probate court has already determined that Timm is the exclusive trustee for the purposes of weekly child care distributions.

This court finds that the divorce proceeding currently pending before the Massachusetts probate court, although broader in scope than the declaratory judgment action before this court, encompasses substantially the same issues that are present here. Indeed, resolution of the probate proceeding through enforcement of the contempt orders will negate the very basis of the plaintiff's standing in this action and will render this case moot. The plaintiff is not currently a party to the probate proceeding. However, the plaintiff has a number of options available to him to protect his interest and the interests of the beneficiaries of the trust to whom he allegedly owes a duty. First, it may be possible for the plaintiff to intervene directly in the probate court proceedings. See Mass. R. Dom. Rel. P. Rule

8

24, 43A Mass. Gen. Laws Ann. ch. 43A (West 1992) (intervention). David Ruml's petition to the appellate court asserting that the probate court lacks jurisdiction to declare trustee status has already been denied. See Ruml v. Ruml, No. 96-J-856 (Mass. App. Ct. Dec. 19, 1996). Second, the plaintiff may intervene in the pending declaratory judgment action filed by Doriane Ruml captioned Ruml v. Michael L. Timm, as Trustee of the David J. Ruml Family Irrevocable Trust, 97EQ0001GC1 (Mass. Prob. & Fam. Ct. Dep't dated Jan. 6, 1997). Third, the plaintiff can initiate a declaratory judgment action in the courts of the Commonwealth of Massachusetts, leading to the probable consolidation of the Ruml declaratory judgment action and the plaintiff's action. The plaintiff can obviously subject himself voluntarily to the personal jurisdiction of the Commonwealth's courts.

A number of factors counsel against this court exercising its discretion to take jurisdiction over the plaintiff's declaratory judgment action. This case raises the typical concerns present in any parallel proceedings - duplicative proceedings, piecemeal litigation, and inconsistent judgments that create conflicting obligations and duties. See Doby v. Brown, 232 F.2d 504, 506 (4th Cir. 1956) (discretion to adjudicate action in declaratory judgment context "ought not be exercised to try a case piecemeal or to drag into the federal

9

courts matters properly triable before the courts of the state");
Smith v. Transit Cas. Co., 281 F. Supp. 661, 670 (E.D. Tex. 1968)
(function of Declaratory Judgment Act to avoid multiplicity of
suits and circuity of actions) (abrogated on other grounds by
Hernandez v. Great American Ins. Co., 464 S.W.2d 91 (Tex. 1971)).

Of greater concern to this court, however, is the evident
attempt to circumvent the judgments rendered by the state court.
The plaintiff's alleged appointment was made in contempt of and
persists in defiance of the probate court's orders.  The relief
sought by the plaintiff in this case would be in direct conflict
with the judgment of the probate court that found David Ruml in
contempt for appointing the plaintiff as a trustee and that also
ordered the plaintiff's appointment revoked.  This court finds
the implications raised by entertaining the plaintiff's action to
be particularly troublesome because a court's power of contempt
is central to its function.  See Juidice v. Vail, 430 U.S. 327,
335 (1976) ("The contempt power lies at the core of the
administration of a State's judicial system.").  At issue in this
case are important principles of comity under which a federal
court should refrain from disrupting state judicial proceedings,
deferring instead to a state court that has concurrent
jurisdiction which is in the process of being exercised.
Therefore, pursuant to the discretion vested in it by the

10

Declaratory Judgment Act, 28 U.S.C.A. § 2201 (West 1992), the court declines to adjudicate the plaintiff's cause of action.

<u>Conclusion</u>

For the reasons delineated above, the court, in its sound discretion, dismisses the plaintiff's cause of action and orders the clerk to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 30, 1998

cc:  R. Peter Shapiro, Esquire
     Burton Chandler, Esquire
     Thomas G. Cooper, Esquire
     Paul C. Semple, Esquire
     Peter F. Kearns, Esquire
     Michael P. Angelini, Esquire
     David L. Nixon, Esquire

11