GARWOOD, Circuit Judge, concurring:
I concur, with these additional observations. A Stowers claim exists to protect the insured against liability on a judgment in excess of policy limits where that has resulted from the insurer’s negligent refusal to accept an offer to settle the suit for an amount within the policy limits. Plainly, the purpose of the Stowers doctrine is to thus protect the insured — not the plaintiff in the underlying suit (or the insured’s other creditors) as such. See Whatley v. City of Dallas, 758 S.W.2d 301, 307 (Tex.App.Dallas, 1988, writ denied) (plaintiff in underlying suit “has no standing to assert” Stowers claim). Cf. Hernandez v. Great American Ins. Co. of N.Y., 464 S.W.2d 91, 94 (Tex.1971) (“the Stowers action lies to repair the harm to the insured”). Moreover, the protection afforded the insured is against real, meaningful — not simply theoretical — liability. Foremost County Mut. Ins. Co. v. Home Indem. Co., 897 F.2d 754, 757-58 (5th Cir.1990). Here, the insurance company had interpleaded its policy limits into the state court proceeding over a year before the minor insured filed his bankruptcy. The insured received his still unobjected to discharge in bankruptcy well before not only the excess judgment in question but indeed before any trial in the underlying suit and some ten months before any claim was even filed in the bankruptcy by the plaintiff in that suit. Appellee contends, and it is essentially undisputed, that the minor insured, at and after his bankruptcy filing, had total assets — apart from his putative Stowers claim — of a value of less than *811 $600, consisting entirely of exempt tangible personal property, had no income and was unemployed. In these circumstances, it is evident that the insured’s discharge has at least the same effect as the covenant not to execute in Foremost.[1]
However, there may be situations where, unlike the present case, the insured in bankruptcy has, at all relevant times, non-exempt assets well in excess of the total of all debts other than that represented by the outstanding judgment in the underlying suit giving rise to the putative Stowers claim, but the total of that judgment and all the other debts exceeds the value of the insured’s assets.[2] In such a scenario it is certainly open to reasonable argument that notwithstanding that the insured receives a discharge in a bankruptcy commenced before the judgment in the underlying suit, the insured has in substance used a portion of his non-exempt assets to pay the excess judgment and should have a Stowers claim to that extent at least. No such scenario is now before us, however.

. And, as the bankruptcy was filed long before the judgment in the underlying suit there was no Stowers claim when the bankruptcy commenced and hence such a claim could not be included within the insured’s bankruptcy estate. 11 U.S.C. § 541(a)(1).

. This could conceivably be the case even in an involuntary bankruptcy commenced before the judgment in the underlying suit. See 11 U.S.C. §§ 303(b), 541(a)(1). In that situation, it could not be reasonably argued that the insured created his own difficulty by voluntarily filing for bankruptcy before judgment in the underlying suit.